**William Thomas CLARK, Appellant,**

v.

**Martha Hill JAMISON, Appellee.**

**No. C14–93–00189–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 7, 1994.

Samuel M. George, Houston, for appellant.

John F. Nichols, Houston, for appellee.

Before ROBERTSON, CANNON and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This is an appeal from a judgment denying a motion to modify a previous agreed order for child support. Appellant, William Thomas Clark, filed a Motion to Modify seeking to decrease his child support obligation owed to appellee, Martha Hill Jamison. The trial court denied the motion. In six points of error, appellant contends that the trial court abused its discretion by denying the decrease in child support: (1) because the current amount was not in substantial compliance with the guidelines; (2) because the only evidentiary basis for continuing the present support order was the preferred lifestyle of appellee, not the proven needs of the children; and (3) by concluding as a matter of law that there was a material change in circumstances, but failing to consider the needs of the children. Appellant also complains that: (1) there was no evidence to support the trial court's finding that the needs of the children were at least $4,000 per month; (2) the trial court's finding that the

monthly net resources of appellee is $2,787.83 is against the great weight and preponderance of the evidence; and (3) the trial court's finding that it would not be in the best interest of the children to decrease the child support obligation was contrary to the law and the evidence. We affirm.

Appellant, William Thomas Clark, and appellee, Martha Hill Jamison, were divorced in late 1985. Appellee was appointed managing conservator of their two children, Matthew Thomas Clark and Meredith Virginia Clark, and appellant was appointed possessory conservator. The divorce decree set the original amount of child support and set out appellant's visitation rights.

On January 10, 1991, appellant and appellee entered into an Agreed Modification Order As To Conservatorship, Visitation, and Support, which was signed and rendered by the trial court on the same date. The agreed order required appellant to pay child support of $2,000 per month per child for a total of $4,000 per month. As additional child support, appellant agreed to pay the expenses for his children's private school and summer camp.

On November 20, 1991, appellant filed a Motion to Modify In Suit Affecting the Parent–Child Relationship. The motion alleged that the circumstances of the children or a person affected by the prior agreed modification order had materially and substantially changed since the rendition of that order, and the support payments previously ordered should be decreased. The motion further stated that the support payments previously ordered were not in substantial compliance with the guidelines in section 14.055 of the Texas Family Code, and the requested decrease would be in the best interest of the children.

On August 11, 1992, the trial commenced on appellant's motion to modify. The trial court recessed on August 12, 1992, and reconvened the trial on November 23, 1992. At the completion of trial, the trial court took the motion under advisement. On December 30, 1992, the trial court signed an order denying the motion to modify and awarding appellee $15,000 in attorney's fees.

On January 19, 1993, appellant requested findings of fact and conclusions of law from the trial court. On February 23, 1993, the trial court filed the following Findings of Fact And Conclusions of Law regarding child support:

## FINDINGS OF FACT

1.1 William Thomas Clark agreed to the terms of the order entitled "Agreed Modification Order as to Conservatorship and Visitation and Support" signed and rendered by this Court on January 10, 1991.

1.2 William Thomas Clark's net income for calendar year 1990 exceeded $280,000.00.

1.3 William Thomas Clark's net income for calendar year 1991 exceeded $400,000.00.

1.4 Included in the amount of net income in 1992 of William Thomas Clark was a net attorneys fees of $1,766,400, after taxes, from the *Vega v. Kerr McGee* lawsuit.

1.5 The average amount of net cash resources available to William Thomas Clark per month exceeded $35,000.00 for 1991 and $147,000.00 per month for 1992.

1.6 The amount of child support payments per month that is computed if Section 14.055, Family Code, is applied to all of the net cash resources of William Thomas Clark is in excess of $36,800.00.

1.8 The children's needs have not been substantially reduced since January 10, 1991.

1.9 Martha Hill Jamison's expenditures have not been substantially reduced since January 10, 1991.

1.10 William Thomas Clark's income has not been substantially reduced since January 10, 1991.

1.11 The percentage allocations of the shared expenses of the children and Martha Hill Jamison's monthly necessary expense schedule are the same percentages used by William Thomas Clark in the prior modification proceeding

which resulted in the "Agreed Modification Order as to Conservatorship and Visitation and Support" signed and rendered by this Court on January 10, 1991.

1.12 The specific reasons that the amount of support per month ordered by the court varies from the amount computed by applying the percentage guidelines pursuant to Section 14.055, Family Code, are:

a. William Thomas Clark has sufficient net disposable resources with which to pay the court ordered support;

b. the amount of child support ordered is an amount less than that required to meet the monthly expense needs of the children;

c. William Thomas Clark's financial resources greatly exceed that of Martha Hill Jamison;

d. William Thomas Clark agreed to the amount of the child support ordered in the January 10, 1991 modification order.

1.13 The needs of the children the subject of this suit at the time of trial were at least $4,000.00 per month, exclusive of the following:

a. tuition for the children at St. John's School, which the children attend; and,

b. summer camp expenses for the children.

1.14 William Thomas Clark voluntarily purchased a boat for approximately $45,000.00 cash, or cash equivalent, in June or July, 1991.

1.15 William Thomas Clark loaned his pilot, for purchase of an airplane for approximately $230,000.00 cash, or cash equivalent, on or about May 1, 1992.

1.16 William Thomas Clark loaned approximately $50,500.00 to his secretary, Pat Perry, for the purchase of a house, after the "Agreed Modification Order as to Conservatorship and Visitation and Support" was signed and rendered by this Court on January 10, 1991.

1.17 William Thomas Clark loaned money in the approximate amount of $60,000 cash, or cash equivalent, for the purchase of a house for his sister, Jenny Clark, in 1990.

1.18 William Thomas Clark received $70,000.00 in cash on the Cumberland note since January 10, 1991.

1.19 At the date of trial in this matter, William Thomas Clark owned 19 municipal bonds with a cumulative face value of $576,806.00.

1.20 As of the date of trial, William Thomas Clark's loan at First City Bank—Tyler was over-collateralized by $100,000.00 of his bonds.

1.21 At the date of trial in this matter, William Thomas Clark had a balance of at least $131,815.00 in his account in the Bill Clark Profit Sharing Plan.

1.22 As of November 20, 1992, William Thomas Clark was in arrearage in the payment of child support to Martha Hill Jamison in the amount of $29,501.58, under the terms of the child support order sought to be modified by him.

1.23 As of December 31, 1991, William Thomas Clark owned net assets in excess of $1,300,000.00.

1.24 As of March 21, 1992, William Thomas Clark owned net assets in excess of $3,400,000.00.

### CONCLUSIONS OF LAW

1.1 The circumstances of the children or a person affected by the agreed order providing for support of the children have materially and substantially changed since the rendition of the agreed order sought to be modified by William Thomas Clark but such change does not warrant a decrease in the child support obligation of William Thomas Clark under the existing child support order.

1.2 It would not be in the best [interest] of the children to decrease the child support obligations of William Thomas Clark presently existing under the "Agreed Modification Order as to Conservatorship and Visitation and Support" signed and rendered by this Court on January 10, 1991.

We note that appellant only challenges findings number 1.6 and 1.13. The remaining

findings have not been challenged on appeal, so we are bound by those findings. *See* TEX.R.CIV.P. 299; *Baccus v. Baccus,* 808 S.W.2d 694, 699 (Tex.App.—Beaumont 1991, no writ).

In his first point of error, appellant asserts that there is no evidence to support the trial court's finding number 1.13 that the needs of the children were at least $4,000 per month. When reviewing a no evidence point, we must consider only the evidence and inferences that support the trial court's finding and disregard all evidence and inferences to the contrary. *Lewelling v. Lewelling,* 796 S.W.2d 164, 166 (Tex.1990). If there is more than a scintilla of evidence to support the finding, the no evidence point must fail. *Stafford v. Stafford,* 726 S.W.2d 14, 16 (Tex. 1987).

At trial, appellee presented Respondent's Exhibit No. 31, the Monthly Expenses of Martha Jamison and Family, which was admitted into evidence without objection. The monthly expense statement showed that the monthly expenses for appellee and the family at that time came to $28,749.01, and $15,320.58 was attributable to the children. The total did not allocate any expenses for parking, banks, charity, health insurance, and doctors to the children. Appellee testified that she had prepared the monthly expense sheet, and the items included were taken from her personal checks. Appellee also testified that the percentage allocations for the monthly expenses were the same allocations that appellant used in an earlier hearing, and the trial court made such a finding without challenge. Appellee further testified that the items set out in Exhibit No. 31 represent the needs of the children. Appellee stated that there has been no change in the children's needs since they moved into their home in the River Oaks area of Houston in 1986, except that the children are and have become more social. The trial court also found, without challenge, that the children's needs have not been substantially reduced since January 10, 1991.

Appellee also testified that she allocated to the children about $7500.00 a month for half of the loan repayment amount owed to her parents for the remodeling of appellee's house. On cross-examination, appellee testified that her parents have the right to forgive the loan note in the future, but she is liable for those payments. Appellee also testified that even assuming the loan repayment amount is taken out of the monthly expenses, the children's needs still exceed $6,000.

Moreover, the needs of the children had already been determined by the agreed modification order signed and rendered by the trial court on January 10, 1991. We note, as the trial court did, that appellant agreed to pay $4,000 per month in child support in the agreed order. Appellant had the burden to show a material and substantial change in the children's needs since the January 10, 1991, agreed order, but he failed to do so. TEX.FAM.CODE ANN. § 14.08(c)(2) (Vernon 1986).

We find that the monthly expense statement supported by appellee's testimony is more than a scintilla of evidence in support of the trial court's finding that the needs of the children were at least $4,000.00 per month. We overrule appellant's first point of error.

In his second, third, and fifth points of error, appellant contends that the trial court abused its discretion by denying the decrease in child support. In his second point of error, appellant argues that the amount of support contained in the order sought to be modified was not in substantial compliance with the guidelines. In his third point of error, appellant alleges that the only evidentiary basis upon which the court could continue the present support order was the cost of the preferred lifestyle of appellee and her husband as opposed to a determination of the proven needs of the children. In his fifth point of error, appellant complains that the trial court concluded as a matter of law that there was a material change in circumstances, but failed to consider the needs of the children.

The "best interest of the child" shall always be the trial court's primary consideration in determining questions of child support. TEX.FAM.CODE ANN. § 14.07(a) (Vernon 1986). Trial courts have wide discretion in determining the best interest of the child.

*Gillespie v. Gillespie,* 644 S.W.2d 449, 451 (Tex.1982); *MacCallum v. MacCallum,* 801 S.W.2d 579, 582 (Tex.App.—Corpus Christi 1990, writ denied). The trial court's determination will only be reversed if we conclude that the trial court has abused its discretion. *Smithson v. Cessna Aircraft Co.,* 665 S.W.2d 439, 442 (Tex.1984); *MacCallum,* 801 S.W.2d at 582; *see also Klise v. Klise,* 678 S.W.2d 545, 547 (Tex.App.—Houston [14th Dist.] 1984, no writ). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable. *Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.1990); *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

■ In order to modify a child support order, the movant must show that there has been a material and substantial change of circumstances of the children or a person affected by the order since the time the order was entered. *See* TEX.FAM.CODE ANN. § 14.08(c)(2) (Vernon 1986); *Belcher v. Belcher,* 808 S.W.2d 202, 207 (Tex.App.—El Paso 1991, no writ). To determine whether the required change has occurred, the court must compare the financial circumstances of the child and the affected parties at the time the order was entered with their circumstances at the time the modification was sought. *Penick v. Penick,* 780 S.W.2d 407, 408 (Tex.App.—Texarkana 1989, writ denied). Here, appellant had the burden to show the requisite change in circumstances or needs had occurred since the entry of the January 10, 1991, agreed modification order. *See S.A.B.S. v. H.B.,* 767 S.W.2d 860, 862 (Tex.App.—Corpus Christi 1989, no writ).

Appellant relied on the changed circumstances of the children and the parties in his attempt to decrease his child support obligations. In support of his motion to modify, appellant testified that: (1) his income had been reduced drastically because of changes in his worker's compensation practice; (2) he now has the children 40% of the time; (3) he had borrowed $590,000 from the bank; (4) his income had fallen dramatically to $87,000; (5) the needs and expenditures of the children had dropped substantially; (6) he was paying above the guidelines; and (7) appellee had taken a voluntary reduction in income.

Appellant argues that his income had significantly been reduced, and his debts had increased since the time of the agreed order. However, the specific evidence shows otherwise. At trial, appellant's 1990 and 1991 income tax returns were introduced into evidence. Appellant's wages and adjusted gross income totalled $484,925 in 1990, and $609,994 in 1991. Appellant testified that his income in 1992 was $87,000, and he received a gross settlement amount of $2,560,000 in attorney's fees in the *Vega v. Kerr McGee* lawsuit, which was a net amount of $1,766,400 after taxes. Based on his personal financial statements, appellant admitted that his net worth was $1,317,669.70 as of December 1991 and $1,323,652.44 as of March 1992. The trial court found, without challenge, that appellant's income had not been substantially reduced since January 10, 1991.

In any event, the financial ability of appellant to pay child support does not depend solely on current earnings, but extends to all sources that might be available. *See Musick v. Musick,* 590 S.W.2d 582, 586 (Tex.Civ. App.—Tyler 1979, no writ). The trial court found, without challenge, that appellant received $70,000 in cash on the Cumberland note since January 10, 1991, owned 19 municipal bonds worth $576,806, had over-collateralized a loan with $100,000 of his bonds, and had a balance of at least $131,815 in his Profit Sharing Plan account. The trial court further found, without challenge, that the average amount of net cash resources available to appellant per month exceeded $35,000 for 1991 and $147,000 for 1992.

Additionally, during the time appellant was not making his full child support payments, he admitted to spending large sums for discretionary expenses. Appellant testified that he purchased a $45,000 boat in June or July 1991, loaned his pilot $230,000 for an airplane in May 1992, loaned $50,500 to his secretary for the purchase of a house around May 1991, and loaned $60,000 to his sister for the purchase of a house in 1990.

Although appellant's earned income at the time of the agreed order was higher than his

present income, considering his overall financial resources and assets, we find that the trial court did not abuse its discretion in maintaining the child support at the amount reflected in the agreed modification order. We also note that appellant does not challenge the trial court's findings that the children's needs have not been substantially reduced since January 10, 1991, and that appellee's expenditures have not been substantially reduced since January 10, 1991. Thus, appellant has failed to show a material and substantial change in circumstances warranting a decrease in his child support obligation.

■ Nevertheless, appellant relies on the child support guidelines in the Family Code in arguing that his child support obligation should have been modified. The child support guidelines create a rebuttable presumption that an order entered pursuant to the guidelines is correct and is in the best interest of the child. *See* TEX.FAM.CODE ANN. § 14.055 (Vernon 1986). Appellant seems to argue that the trial court is required to apply a converse rebuttable presumption in this case; that an agreed order not in accordance with the guidelines is presumed to be incorrect and not in the best interest of the child. We disagree. Even in modifying previous non-agreed orders, the use of the rebuttable presumption is *discretionary*, not mandatory. *Id.; see MacCallum*, 801 S.W.2d at 584. Section 14.056 provides that:

> The trial court *may* consider the guidelines for the support of a child in this chapter to determine whether there has been a material and substantial change in circumstances under Section 14.08(c)(2) of this code that may warrant a modification of an existing child support order if the modification is in the best interest of the child. If the amount of support of a child contained in the order sought to be modified is not in substantial compliance with the guidelines, this *may* warrant a modification of a prior order in accordance with the guidelines if the modification is in the best interest of the child.

TEX.FAM.CODE ANN. § 14.056 (Vernon 1986). In view of the *discretionary* consideration of the guidelines permitted in non-agreed child support orders, we find it would be unrealis-tic and a strain on credulity to suggest that the guidelines ought to be imposed mandatorily on the modification of a child support order that was agreed to in the first place.

The fact that the trial court could consider the guidelines does not change appellant's burden of proof to establish the need for modification. *MacCallum*, 801 S.W.2d at 584. The trial court specifically found, without challenge, that the current amount of child support varied from the guidelines because: (1) appellant had sufficient net disposable resources; (2) the amount of support ordered is less than the monthly expense needs of the children; (3) appellant's financial resources greatly exceed appellee's; and (4) appellant agreed to the amount of support in the January 10, 1991, modification order. And most importantly, the trial court further concluded that it would not be in the best interest of the children to decrease the child support obligations of appellant presently existing under the agreed modification order of January 10, 1991. Under the circumstances of this case, we find no abuse of discretion by the trial court in failing to reduce the child support on the basis of the guidelines.

■ Appellant argues that *Rodriguez v. Rodriguez* controls in cases such as his where the monthly net resources of the obligor exceeds $4,000. In *Rodriguez,* the Court found that when an obligor has net monthly resources in excess of $4,000, the trial court should first apply the percentage guidelines set out in section 14.055(b), and then, "without further reference to the percentage guidelines, the court may *award* additional amounts of support based on the *proven needs* of the children." *Rodriguez v. Rodriguez,* 860 S.W.2d 414, 415 (1993); *see also* TEX.FAM.CODE ANN. § 14.055(c) (Vernon Supp.1994). We agree with appellant that because section 14.055(c) controls when the net resources of the obligor exceed $4,000 per month, additional child support may only be awarded based on the proven needs of the child.

We, however, also note that the trial court did not *award* additional child support in this case. The trial court simply denied the motion to decrease the current amount of child support previously agreed to by appellant in

the January 10, 1991, order. Section 14.-053(j) does not prohibit the parties from agreeing to an amount of child support that varies from the guidelines or prohibit the court from approving the agreement as provided by section 14.06. TEX.FAM.CODE ANN. § 14.053(j) (Vernon Supp.1994). Section 14.06 provides in pertinent part:

    (a) To promote the amicable settlement of disputes ... the parties may enter into a written agreement containing provisions for conservatorship and support of the child, modifications of agreements or orders providing for conservatorship and support of the child ...

    (b) If the court finds the agreement is not in the child's best interest the court may request the parties to submit a revised agreement or the court may make orders for the conservatorship and support of the child.

    (c) If the court finds that the agreement is in the child's best interest, its terms shall be set forth in the decree and the parties shall be ordered to perform them.

TEX.FAM.CODE ANN. § 14.06 (Vernon 1986).

In this case, the January 10, 1991, agreed modification order specifically stated the following regarding support of the children:

It is agreed between the parties, and the court approves same and it is so ORDERED that:

(1) WILLIAM THOMAS CLARK shall pay to MARTHA HILL JAMISON the sum of TWO THOUSAND DOLLARS ($2,000.00) per month per child, for a total amount of FOUR THOUSAND DOLLARS ($4,000.00) per month, for the support of MATTHEW THOMAS CLARK AND MEREDITH VIRGINIA CLARK.

The trial court found that this modification was in the best interest of the children.

Appellant alleges that the trial court considered the lifestyle of appellee and her husband instead of the proven needs of the children. In *Rodriguez*, the court did not define the term "needs". The court, however, noted that in light of the 1989 amendments to the Family Code, lifestyle and standard of living are no longer appropriate considerations when awarding additional support under section 14.055(c). *Rodriguez*, 860 S.W.2d at 417 n. 3. The court concluded that "needs of the child" includes more than the bare necessities of life, but is not determined by the parent's ability to pay or the lifestyle of the family. *Id.* In determining the needs of the child, we must continue to follow the paramount guiding principle—the best interest of the child. *Id.*

In the present case, it is clear that the trial court did consider the needs of the children in deciding not to reduce the amount of child support. The trial court specifically found that the children's needs had not been substantially reduced since January 10, 1991, and that the children's needs at the time of trial were at least $4,000 per month. The trial court also considered that the parties had previously entered an agreed modification order for child support. We find that the evidence was sufficient to support the trial court's decision not to modify the child support obligation. Appellant failed to show that the trial court abused its discretion in denying his motion to modify the agreed child support order. We overrule appellant's second, third and fifth points of error.

▮ In his fourth point of error, appellant argues that the trial court's finding number 1.6 that the monthly net cash resources of appellee is $2,787.83 is against the great weight and preponderance of the evidence.

▮ In reviewing a factual insufficiency point, we must examine all of the evidence. *Lofton v. Texas Brine Corp.*, 720 S.W.2d 804, 805 (Tex.1986). An insufficient evidence point succeeds only if a finding is so against the great weight and preponderance of the evidence that it is clearly wrong and manifestly unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951); *Giangrosso v. Crosley*, 840 S.W.2d 765, 768 (Tex.App.—Houston [1st Dist.] 1992, no writ).

In the instant case, we are unable to make the requisite comparison of appellee's circumstances based on the record before us. Appellant failed to present evidence of the income of appellee at the time of the agreed order of January 10, 1991. At the time of

trial, appellee was making about $6,000 per month. Based on this evidence, it is impossible to determine whether appellee's circumstances changed from the time of the agreed order to the time of trial. Thus, we are unable to determine if appellee's circumstances had materially and substantially changed.

Although the conflicting evidence indicates that appellee may have had more or less net cash resources, we cannot say the trial court's determination was so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. Even assuming, *arguendo,* that we might somehow have reached a different result, we cannot substitute our opinion for that of the trier of fact. *Herbert v. Herbert,* 754 S.W.2d 141, 144 (Tex.1988). The trier of fact is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *Bolin Development Corp. v. Indart,* 803 S.W.2d 817, 821 (Tex.App.—Houston [14th Dist.] 1991, writ denied per curiam). We overrule appellant's fourth point of error.

In his sixth point of error, appellant asserts that the trial court's finding that it would not be in the best interest of the children to decrease the child support obligation was contrary to the law and the evidence. In effect, appellant argues that the evidence is legally and factually insufficient. We disagree.

In the instant case, the trial court found that the circumstances of the children or a person affected by the agreed child support order have materially and substantially changed since its rendition. The trial court also concluded that it would not be in the best interest of the children to reduce the support. As previously noted, the trial court did consider the needs of the children, and there was sufficient evidence that the needs of the children were at least $4,000. Based on the evidence at trial, the trial court may well have found that the material and substantial change affected by the January 10, 1991, agreed order was appellant's substantial *increase* in income. If so, it would defy logic for us to now rule that it would be in the best interest of the children to have

reduced the previously agreed to child support. We also note that the trial court found that the children's needs and appellee's expenditures had not been substantially reduced since January 10, 1991. We find that the evidence was legally and factually sufficient to support the trial court's finding. We overrule appellant's sixth point of error.

The judgment of the trial court is affirmed.