

NUMBER 13-13-00414-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

IN RE A. J. K. P., A MINOR CHILD

On appeal from the 201st District Court
of Travis County, Texas.

MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Perkes and Longoria**
**Memorandum Opinion by Chief Justice Valdez**

Appellant, E.P., appeals from the trial court's denial of his motion to modify child support. By three issues, appellant contends that: (1) the evidence does not support the trial court's finding of fact that his employment contract indicated that his salary provisions were likely to change; (2) the trial court abused its discretion by concluding that appellant failed to prove that a material and substantial change in circumstances had occurred; and (3) the trial court erred in determining that it is in the child's best interest to continue the child support amount at the agreed-upon level. We affirm.

# I.  BACKGROUND

Appellant and his ex-wife, appellee, L.K., signed an agreed decree of divorce pursuant to a written settlement agreement.  In the settlement agreement, appellant agreed to pay appellee $3,500 per month in child support, and the trial court ordered appellant to do so in the divorce decree.  Appellant is a doctor employed by Seton Physician Enterprise ("Seton").  On January 11, 2013, appellant filed a motion to modify his child support payments because of a decrease in his salary.

Appellant and a representative from Seton, Clayton L. Carsner, testified that when appellant agreed to pay $3,500 in child support, appellant was paid a salary of $250,000 per year.  The contract establishing that salary was effective for two years, and at the end of the two-year term, the contract would renew on a yearly basis and "[the] Physician's compensation [would then] be determined by [the] Employer's Physician Compensation Plan, as approved from time to time by Seton's Board of Trustees' Physician Organizations and Services Committee (the 'Compensation Plan')."  The effective date of the contract was October 4, 2010; thus, it was set to expire in 2012.  The contract also provided that "Employer retains the right to adjust [Physician's] compensation on an annual basis in accordance with Employer's Physician Compensation Plan."  Appellant testified that sometime in December 2012, Seton informed him that his salary would be decreased.  Carsner agreed that currently appellant's "base salary" is $145,657.40 before a clinical and a non-clinical withholding.  Carsner stated that appellant's additional compensation for nonclinical production increased his salary to $170,569.40.[1]  According to Carsner, in the next six-month period, appellant's salary should increase to $171,037.

---

[1] Carsner explained that Seton withholds a certain amount of money from the doctor's monthly paycheck based on a formula.  Carsner stated that the withholding is then reimbursed to the doctors twice

Appellant testified that after the Compensation Plan was implemented, he received a net of $2,100 every two weeks after the child support had been automatically deducted from his paycheck. On cross-examination, appellant agreed that when he agreed to pay $3,500 in child support, he was aware that his contract with Seton and his compensation was subject to change after the two-year guarantee. Appellant agreed with appellee's trial counsel that when he agreed to pay the child support, he agreed knowing that his salary could "go up or down." Appellant further agreed that when he agreed to pay $3,500 in child support, he was aware that he was "paying well above guideline support based on either a cap or your own salary at the time." Appellant agreed that at the time he agreed to the child support amount, he was aware of the costs associated with raising his son and that those costs had not decreased.

The trial court denied appellant's motion to modify the child support. This appeal ensued.

## II.    STANDARD OF REVIEW AND APPLICABLE LAW

We review the trial court's decision whether or not to modify child support for a clear abuse of discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *In re J.R.D.*, 169 S.W.3d 740, 743 (Tex. App.—Austin 2005, pet. denied). Absent a clear abuse of discretion, the trial court's order will not be disturbed on appeal. *Nordstrom v. Nordstrom*, 965 S.W.2d 575, 578 (Tex. App.—Houston [1st Dist.] 1997, pet. denied). The trial court is in the best position to observe the demeanor of the witnesses and to evaluate the credibility, influences, and other forces that are not discernible from the record. *In re*

---

a year in a lump sum. Neither Carsner nor appellant believed that appellant would not receive reimbursement of those funds.

3

*J.R.D.*, 169 S.W.3d at 743; *In re T___*, 715 S.W.2d 416, 418 (Tex. App.—Dallas 1986, no writ).

A trial court may modify a previous child support order if the circumstances of the person affected by the order have materially and substantially changed since the date of the previous order's rendition. TEX. FAM. CODE ANN. § 456.401(a)(1) (West, Westlaw through 2013 3d C.S.). To make a determination regarding whether there has been a material and substantial change in circumstances, the trial court must examine and compare the circumstances of the parents and any minor children at the time the previous order was rendered with the circumstances existing at the time modification is sought. *In re C.C.J.*, 244 S.W.3d 911, 917 (Tex. App.—Dallas 2008, no pet.). Thus, "[t]he record must contain both historical and current evidence of the relevant person's financial circumstances." *Id.* "Without both sets of data, the court has nothing to compare and cannot determine whether a material and substantial change has occurred. The movant has the burden to show the requisite material and substantial change in circumstances since the entry of the previous order." *Id.* (citing *Cameron v. Cameron*, 158 S.W.3d 680, 682 (Tex. App.—Dallas 2005, pet. denied)).

### III. ANALYSIS

By his second issue, appellant claims that a material and substantial change occurred because his income decreased by fifty percent.[2] In a document entitled "proposed support decision and information of [appellant,]" appellant affirmed under oath

---

[2] Because we conclude that the trial court did not abuse its discretion in finding no material and substantial change occurred, we need not address appellant's first issue that the trial court erred in finding that appellant's employment contract indicated that his salary provisions were likely to change because it is not dispositive of this appeal. *See* TEX. R. APP. P. 47.1.

4

that at the end of each month he has a negative balance of $2,360.81. While testifying, appellant agreed that his monthly net income is $6,072.08. Appellant also agreed that he anticipated receiving reimbursement from his employer causing his monthly salary to be $14,253 per month before taxes. Appellant claimed, in his proffered document, that his "STATUTORY NET RESOURCES PER MONTH" is $5,906.21. Appellant stated that his monthly obligations include $6,864.39 for the "TOTAL MONEY NEEDED PER MONTH BY ME AND MINOR CHILD(REN) LIVING WITH ME" and $1,574.50 for his "TOTAL MONTHLY PAYMENT ON DEBTS."[3] However, upon reviewing appellant's bank statements, for the period of "02-26-13 through 03-26-13," the "deposits and other additions" to appellant's bank account totaled $10,369.52, and his withdrawals were, $1,894.00 for checks cashed, $3,248.20 for "ATM and debit subtractions," and $7,467.22 for "other subtractions," totaling $10,904.42.

Appellant did not explain the discrepancies in his calculations versus the actual amount of deposits and withdrawals he made to his account one month prior to this trial.[4] He also failed to explain why he had $10,369.52 in deposits although his income from Seton had been substantially reduced.[5] Appellant agreed with appellee's trial counsel

---

[3] After appellant testified, appellant's trial counsel clarified that appellant had listed and subtracted $1,574.50 for his debts twice in his proposed support decision and information of appellant document. Appellant's trial counsel agreed with the trial court that after taking this into account, appellant's claimed deficit was approximately $958 rather than $2,360.

[4] The trial in this matter occurred on May 29, 2013.

[5] Because appellant sought the modification of his child support payments, it was his burden to provide an accounting of all of his sources of income. *See In re C.C.J.*, 244 S.W.3d 911, 917 (Tex. App.—Dallas 2008, no pet.) (explaining that the party seeking the modification has the burden of showing that a substantial and material change has indeed occurred). And, the trial court under an abuse of discretion standard of review is given deference to judge the credibility of appellant's claims that he did not have any other sources of income aside from his paycheck from Seton. *See In re G.J.S.*, 940 S.W.2d 289, 293 (Tex. App.—San Antonio 1997, no pet.) ("Financial ability to pay child support does not depend solely on earnings, but extends to all sources of income.") (citing *Clark v. Jamison*, 874 S.W.2d 312, 317 (Tex. App.—Houston [14th Dist.] 1994, no writ)).

5

that "So with the exception of possibly the January withdrawals, each month you had withdrawals that exceeded what your budget and your interrogatory answers indicate that you have monthly income." Appellant also agreed that he acquired a "note" in the amount of $50,000 in a transaction to purchase a vehicle. Appellant agreed that the new car's purchase price was $35,000 and the balance owed was increased to $50,000 because he still owed an undisclosed amount, presumably $15,000 on his traded vehicle.[6]

Here, appellant did not provide evidence regarding what his expenses were at the time that he agreed to make the $3,500 per month child support payment. Although the record contains evidence respecting appellant's expenses at the time of the modification hearing, there is no evidence in the record respecting appellant's expenses at the time of the divorce. In order to determine whether there has been a material and substantial change in circumstances, the trial court must examine and compare the circumstances of the parents and any minor children at the time of the initial order with the circumstances existing at the time modification is sought. *See In re C.C.J.*, 244 S.W.3d at 917. Here, without both historical and current evidence of the financial circumstances of appellant, the trial court had nothing to compare. *See id.* Without such a comparison, the trial court was not able to determine whether appellant's decrease in pay constituted a material and substantial change in circumstances warranting modification of the child support order. *See id.*; *In re T.W.E.*, 217 S.W.3d 557, 559 (Tex. App.—San Antonio 2006, no pet.)

---

[6] The trial court was free to infer that appellant's claims were inaccurate that he had a negative balance at the end of each month due to his fixed expenses from evidence that appellant had acquired more debt after his salary from Seton was reduced. Instead, the trial court may have found that appellant simply spent a lot of money by choice.

6

(providing that the movant seeking modification of child support payments must show the conditions as they existed at the time of entry of the prior order).

Thus, although appellant established that his income with Seton declined, we cannot conclude that the trial court abused its discretion by determining that appellant failed to show that a material and substantial change had occurred. We further decline to conclude that a reduction in salary, per se, amounts to a material and substantial change in circumstances warranting a modification in child support because the trial court may consider all sources of income when determining the amount of child support.[7] *See In re A.M.W.*, 313 S.W.3d 887, 891 (Tex. App.—Dallas 2010, no pet.) (providing that a trial court's decision regarding whether there has been a material and substantial change of circumstances is not guided by rigid rules and is fact specific); *In re G.J.S.*, 940 S.W.2d 289, 293 (Tex. App.—San Antonio 1997, no pet.) ("Financial ability to pay child support does not depend solely on earnings, but extends to all sources of income.") (citing *Clark v. Jamison*, 874 S.W.2d 312, 317 (Tex. App.—Houston [14th Dist.] 1994, no writ)). And here, the trial court heard evidence that appellant's deposits and expenditures do not match his claims that he has a negative balance of $2,360.81 at the end of each month due to his fixed expenses.[8] Thus, the trial court could have reasonably found that appellant has other sources of income aside from his salary at Seton.

---

[7] Although no one testified that appellant receives other income, the evidence provided shows that in the previous months before the trial, appellant deposited more money into his account than the amount of income he receives from Seton. As the finder of fact, the trial court could have inferred from this evidence that appellant had not disclosed all sources of income.

[8] Appellant failed to show what expenditures he actually makes per month. He only accounted for expenditures in the amount of $6,864.39. He did not explain his total expenditures which were $10,904.42 the month prior to trial.

Finally, although appellant stated that if the child support payment was not reduced, he "wouldn't have the money to actually provide for [the child] in terms of buying food and clothing, and the basic necessities," it was within the trial court's discretion to disbelieve appellant's assertion given that the contrary evidence showed that, even with the decrease in salary and after the child support had been automatically deducted from his paycheck, appellant still spent over $10,000 per month in expenses and had approximately $10,000 of deposits. *See Burden v. Burden*, 420 S.W.3d 305, 308 (Tex. App.—Texarkana 2013, no pet.) (citing *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex.1986)). Moreover, the trial court as the finder of fact in this case could have found that appellant was not a credible witness; and therefore, it could have disbelieved appellant's claims regarding his financial situation. *See id.* Accordingly, we overrule appellant's second issue.

By his third issue, appellant contends that the child support guidelines are presumptively in the child's best interest, and in this case, appellee had the burden of showing otherwise.[9] We disagree with appellant's assertion that appellee had the burden in the trial court because this is not an appeal from an order establishing a child support obligation. Instead, this appeal is from the trial court's refusal to modify a previous child support order. In such cases, it is well established that the movant has the burden to show that a material and substantial change has occurred warranting the modification. *See In re C.C.J.*, 244 S.W.3d at 917. Appellee did not request the modification, appellant

---

[9] Appellant agreed to pay $3,500 in monthly child support. He cites no authority, and we find none, prohibiting a parent from agreeing to pay more than the guidelines allow. *See Clark v. Jamison*, 874 S.W.2d 312, 319 (Tex. App.—Houston [14th Dist.] 1994, no writ) ("Section 14.053(j) does not prohibit the parties from agreeing to an amount of child support that varies from the guidelines or prohibit the court from approving the agreement as provided by section 14.06.").

did. Therefore, we conclude that appellant had the burden of showing that the modification was in the child's best interest.

In addition, in a suit to modify child support the trial court is not required to consider the statutory guidelines to determine whether modification is in the child's best interest. *See MacCallum v. MacCallum*, 801 S.W.2d 579, 584 (Tex. App.—Corpus Christi 1990, writ denied) ("In modification of previous orders, however, the use of the rebuttable presumption [that the statutory child support amount is in the child's best interest] is discretionary, not mandatory."). Instead, the trial court has discretion concerning whether to consider the guidelines. *See id.* Moreover, "[a] child support order that is not in compliance with the guidelines does not by itself establish such a material and substantial change in circumstances." *In re G.J.S.*, 940 S.W.2d at 294 (citing *Cole v. Cole*, 882 S.W.2d 90, 92 (Tex. App.—Houston [14th Dist.] 1994, writ denied)). Finally, as stated above, the trial court could have disbelieved appellant's claims that a decrease in child support would be in the child's best interest. We overrule appellant's third issue.

## IV.  CONCLUSION

We affirm the trial court's order.

**/s/ Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
24th day of July, 2014.