**In the Interest of G.J.S. and
J.D.S., Minor Children.**

**No. 04–96–00271–CV.**

Court of Appeals of Texas,
San Antonio.

Feb. 5, 1997.

---

Kenneth W. Anderson, Jr., Law Offices of Kenneth W. Anderson, Jr., San Antonio, for appellant.

John U. Hemmi, Kirk Patterson, Law Offices of Kirk Patterson, San Antonio, for appellee.

Before STONE, GREEN and ANGELINI, JJ.

## OPINION

ANGELINI, Justice.

This is an appeal from an order entered in a suit affecting the parent-child relationship. Appellant appeals the denial of his motion to reduce child support, his request for attorney's fees, and the grant of appellee's cross motion to transfer funds held in the children's trusts to an account requiring the signature of both parties for the withdrawal of funds. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant, Gordon Shaw, and appellee, Diana Shaw, were divorced on June 16, 1993. The divorce decree named Diana, the managing conservator of the couple's two children and ordered Gordon, to pay $1,200 per month in child support. The divorce decree named Gordon trustee of the children's trust, providing that the funds contained in the trust accounts were to be used for the children's college education.

On June 28, 1994, the trial court denied Gordon's first motion to reduce child support. On October 12, 1995, Gordon filed a second motion to reduce child support. The second motion raised facts identical to those raised in the first motion. It is from the denial of this second motion that Gordon appeals.

In his second motion to reduce child support, Gordon alleged that "the circumstances

of the children or a person affected by the order or portion of the decree providing for the support of the child[ren] ha[d] materially and substantially changed since the rendition of the order to be modified." Diana filed an answer and cross-action, denying Gordon's allegations and seeking attorney's fees. The cross-action alleged Gordon had violated his fiduciary duty as trustee of the children's trusts by utilizing funds contained in those trusts to satisfy his own child support obligations.

The trial court denied Gordon's second motion to reduce child support and request for attorney's fees, granted Diana's request for attorney's fees, and ordered that the children's trust funds be held in accounts that would require the signature of both parents before withdrawals could be made.

## ARGUMENTS ON APPEAL

### A. Denial of Modification

In points of error one through eight, Gordon complains of various errors made by the trial court in denying his motion to reduce child support payments. Specifically, in points of error one and two, Gordon contends that the trial court erred as a matter of law in considering an incorrect time span when determining whether there had been a material and substantial change in the circumstances of a party affected by the divorce decree. In points of error three through six, Gordon contends that the evidence is factually insufficient to support the trial court's decision to deny Gordon's motion to reduce child support payments. Finally, in point seven, Gordon alleges generally that the trial court erred in denying his motion to reduce child support payments. These points will be considered together.

■ The Texas Family Code provides that a trial court may modify a child support order if the circumstances of the child or a person affected by the order have materially and substantially changed since the date that the order was rendered. TEX. FAM.CODE ANN. § 156.401(a) (Vernon 1996). After denying Gordon's second motion to modify, the trial court stated in its findings of fact and conclusions of law that there had not been a material and substantial change in circumstances since the entry of the first order denying Gordon's motion to modify. Gordon contends that the trial court erred in considering whether his circumstances had changed from the date of the order denying his first motion to modify instead of from the date that the original child support order was rendered.

We recognize that the plain language of the statute requires the trial court, when determining whether there has been a material and substantial change in circumstances, to compare the circumstances existing at the time modification is sought to those existing when the support order was entered. *Id.; Hammond v. Hammond,* 898 S.W.2d 406, 407–08 (Tex.App.—Fort Worth 1995, no writ). We have been unable to locate any authority authorizing the trial court to consider only the circumstances from the date of the most recent order in cases where that order merely continued the obligations established in the original child support order. *See Blanco v. Gracia,* 767 S.W.2d 896, 897 (Tex.App.—Corpus Christi 1989, no writ); *Ritter v. Wiggins,* 756 S.W.2d 861, 864 (Tex. App.—Austin 1988, no writ).

A literal interpretation of the rule as set out in the Family Code is logical when considered in light of the fact that the significance of a change in circumstances is better evaluated when considered over a longer period of time. For example, where the change in circumstances from year one to year two was not material and the change in circumstances from year two to year three was similarly immaterial, the combined effect of the changes, from year one to year three, might be considered more significant. The purpose of the statute is to allow for modification of child support in situations where a substantial change in circumstances or resources renders the current amount of child support unfeasible. Whether such a situation exists can be determined only when the circumstances existing at the time the current amount of child support was ordered are compared to the present circumstances.

■ Accordingly, we find that the proper period of time the trial court should have

considered in determining whether a material and substantial change in Gordon's circumstances had occurred was from the date that the original child support order was rendered. Although the trial court's findings of fact indicate that no substantial change had occurred from the date of the last order denying modification, it is apparent from the record that the court did in fact consider evidence of change from the date of the original order when making its final decision on Gordon's motion. We are not bound by what is contained in the findings of fact where a complete statement of facts reveals otherwise and the conclusion is legally sound. *See Tucker v. Tucker*, 908 S.W.2d 530, 532 (Tex.App.—San Antonio 1995, writ denied). Thus, we conclude that the trial court did consider the correct time span in determining there had been no material and substantial change in circumstances.

Even if we were to find that the trial court had only considered the evidence from the date of the last order affecting child support, we find such error harmless when considered in light of the evidence presented at trial. Such evidence is sufficient to support the trial court's ruling whether the relevant circumstances are considered from the date of the denial of the first motion to reduce child support or from the rendition of the original child support order.

■ The trial court's ruling on a support order will not be disturbed on appeal absent a clear abuse of discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990). Given such a standard, the legal and factual sufficiency of the evidence are not to be considered as independent grounds of error, but only as relevant factors in assessing whether the trial court did in fact abuse its discretion. *In Interest of Pecht*, 874 S.W.2d 797, 800 (Tex.App.—Texarkana 1994, no writ); *Mai v. Mai*, 853 S.W.2d 615, 618 (Tex. App.—Houston [1st Dist.] 1993, no writ). An abuse of discretion occurs when the trial court acts without reference to any guiding rules or legal principles. *Worford*, 801 S.W.2d at 109. The best interest of the child should be the trial court's primary consideration in determining questions regarding

child support. *Hammond*, 898 S.W.2d at 407.

■ The record in the present case reflects that Gordon is a forty-three year old man with a bachelor of business administration degree in marketing from the University of Texas. In the original divorce decree, Gordon agreed to pay $1,200 per month in child support. Prior to his divorce, he managed a family owned business. However, at the time of divorce, Gordon was unemployed and earning no income. Gordon did, however, have substantial assets with which to meet his child support obligations. At the time of the filing of his first motion to reduce child support, Gordon was still unemployed and earning no income. He still had sufficient assets with which to pay child support, though those assets were decreasing as a result of his activities in the stock market. Finally, at the time the motion at issue was considered, Gordon was employed for the first time since the parties were divorced. He earns $5.00 an hour as a mechanics helper. While his assets have decreased, he still has a substantial amount of assets with which to pay child support: he owns a home valued at $159,000 and has other assets valued at over $50,000. Additionally, the needs of his children have increased as they have gotten older.

■ In light of the testimony regarding Gordon's education and past employment history, the trial court could certainly choose to believe or disbelieve Gordon's testimony regarding his ability to obtain a job paying more than $5.00 an hour. However, assuming that Gordon is in fact capable of earning only $5.00 an hour, he is still in possession of a large amount of assets available for use in meeting his child support obligations. Financial ability to pay child support does not depend solely on earnings, but extends to all sources of income. *Clark v. Jamison*, 874 S.W.2d 312 (Tex.App.—Houston [14th Dist.] 1994, no writ). The court may also take into consideration a parent's earning potential in determining a child support question. *In Interest of Striegler*, 915 S.W.2d 629, 638 (Tex.App.—Amarillo 1996, writ denied).

While different from his circumstances at the time of divorce, Gordon's current finan-

cial circumstances, including his non-liquid assets, do not indicate an inability to satisfy his child support obligation. We find that the trial court did not abuse its discretion in denying Gordon's motion to reduce child support. Appellant's first through seventh points of error are overruled.

## B. Family Code Guidelines

In his eighth point of error, Gordon contends that the trial court abused its discretion in refusing to decrease his child support obligations to an amount consistent with the guidelines set forth in the Texas Family Code. The Family Code provides that the trial court *may* modify a child support order to conform with the guidelines. TEX. FAM. CODE ANN. § 156.402 (Vernon 1996)(emphasis added). In order for a modification to take place, however, the proponent of modification must satisfy his burden of proving that a material and substantial change in circumstances has occurred. A child support order that is not in compliance with the guidelines does not by itself establish such a material and substantial change in circumstances. *Cole v. Cole,* 882 S.W.2d 90, 92 (Tex.App.—Houston [14th Dist.] 1994, writ denied).

As noted above, we find that the trial court was within its discretion in finding that Gordon failed to meet his burden of showing such a change. Absent such a showing, the trial court could not modify the child support order to conform to the Family Code's guidelines. Moreover, even assuming that the trial court had found a material and substantial change in circumstances, it was in no way bound to follow the Family Code guidelines in modifying the child support order. The trial court's use of the guidelines is discretionary, not mandatory. *Escue v. Escue,* 810 S.W.2d 845, 848 (Tex.App.—Texarkana 1991, no writ); *MacCallum v. MacCallum,* 801 S.W.2d 579, 584 (Tex.App.-Corpus Christi 1990, writ denied). As such, the trial court did not abuse its discretion in failing to decrease Gordon's child support obligation based on the Family Code guidelines. Appellant's eighth point of error is overruled.

## C. Trust Accounts

In his ninth point of error, Gordon contends that the trial court erred in ordering that the money contained in the children's trust funds be placed in accounts requiring the signatures of both Gordon and Diana before withdrawals may be made. Gordon asserts that because Diana's action to gain control of the trust property was not brought under the applicable section of the Property Code, the trial court had no authority to enter an order which effectively removed Gordon as sole trustee of the children's trust.

In the final decree of divorce, it was ordered that Gordon would remain trustee of the children's trusts. This designation was not altered by the actions of the trial court in the present case. Instead, as a result of evidence of prior misappropriation and irresponsible use of trust funds by Gordon, the trial court ordered that the trust funds be held in accounts requiring the signature of both parents before withdrawals may be made. Such order was clearly made in order to protect the property of the children. The Family Code authorizes the managing conservator to represent the children in legal action and to make other decisions of substantial legal significance concerning the child. TEX. FAM.CODE ANN. § 153.132 (Vernon 1996). Seeking assistance from the court in order to protect the assets of the children is certainly a decision that is legally significant to the best interests of the children. This is particularly true in light of the fact that the trust was established as an issue in the present case when it was made a part of the final divorce decree that Gordon agreed to in both form and substance.

The trial court retains exclusive jurisdiction to modify the terms of a divorce decree in order to ensure that the children's interests are being adequately protected and that their property is being judiciously managed. TEX. FAM.CODE ANN. § 155.002 (Vernon 1996). Because the trial court's order affecting the children's trusts neither terminated the trusts nor removed the trustee, there was no requirement that Diana's request for such relief be brought under the Property Code. Appellant's ninth point of error is overruled.

## D. Attorney's Fees

 In his tenth and eleventh points of error, Gordon contends that the trial court abused its discretion in awarding attorney's fees to Diana and in failing to award attorney's fees to Gordon. Pursuant to the Family Code, the award of attorney's fees is within the discretion of the trial court. TEX. FAM.CODE ANN. § 106.002 (Vernon Supp. 1996). We may not set aside such an award absent a finding that the trial court abused its discretion. *MacCallum*, 801 S.W.2d at 587.

Diana affirmatively sought attorney's fees in her pleadings. Her attorney testified that the time he spent on this case in relation to his hourly rate resulted in reasonable attorney's fees of $4,500. This evidence was not controverted. The trial court awarded Diana attorney's fees in the amount of $2,500, an amount clearly within and substantially below that supported by the evidence presented. Under these circumstances, we cannot say that the trial court abused its discretion in awarding attorney's fees to Diana.

Similarly, in light of the broad discretion of the trial court to either grant or deny attorney's fees in this type of proceeding and the fact that Gordon failed to satisfy his burden of showing a material and substantial change which would warrant a decrease in his child support obligation, we cannot say that the trial court erred in refusing to grant attorney's fees to Gordon. *See* TEX. FAM. CODE ANN. § 106.002 (Vernon Supp.1996); *Labowitz v. Labowitz*, 542 S.W.2d 922, 927 (Tex.Civ. App.—Dallas 1976, no writ). Gordon's tenth and eleventh points of error are overruled.

The judgment of the trial court is affirmed.