TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00614-CV






Manuel Rebelloso, Appellant



v.



Rosalva C. Rebelloso, Appellee






FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT


NO. 21,738, HONORABLE BENTON ESKEW, JUDGE PRESIDING 







 Appellant Manuel Rebelloso appeals from a final decree of divorce ending his marriage to
Appellee Rosalva Rebelloso. He challenges the decree in four points of error. We will affirm the decree.


BACKGROUND

 Manuel and Rosalva were married in 1974. They had three children. In 1995, Rosalva
filed for divorce. At that time, two of the children were under the age of 18. The parties entered into a
Rule 11 agreement in which Manuel agreed to pay temporary child support of $1,000 per month during
the pendency of the divorce proceeding.

 The case was set for a final hearing. Rosalva sought managing conservatorship of the
children, child support, and a division of the couple's property. The parties waived their right to a jury and
submitted all questions of law and fact to the court. Rosalva appeared in court with her attorney. Manuel
did not appear, but his attorney did. His attorney elicited testimony from her assistant, who indicated
Manuel knew of the hearing.

 After the short hearing, the court requested the parties provide a draft of a final decree. 
Rosalva states in her brief that she sent a proposed decree to both Manuel and the court after the hearing,
but nothing supports this in the record. The court later signed the final decree, which was approved as to
form by Rosalva's attorney but not by Manuel's attorney. The court allowed Manuel's attorney to
withdraw from Manuel's representation in the final decree. The court also awarded Rosalva managing
conservatorship of the children, awarded her child support in the amount of $1,000 per month, and divided
the real and personal property and debts. Manuel filed a motion for new trial, which was denied. 

 Manuel challenges the divorce decree on four grounds. He contends the trial court's
property division and award of child support are not supported by the evidence. He also argues the trial
court erred by allowing his attorney to withdraw and by signing a decree proposed by Rosalva. (1)


DISCUSSION

 In his first point of error, Manuel contends the evidence is legally and factually insufficient
to support the trial court's disparate division of marital property. In a decree of divorce, the trial court must
order a division of the marital estate in a manner that the court deems just and right, having due regard for
the rights of each party and any children of the marriage. Tex. Fam. Code Ann. § 3.63(a) (West 1993). 
The court has broad discretion in dividing the marital estate, and we will not disturb the court's exercise
of discretion unless an abuse of discretion is shown. E.g., Jacobs v. Jacobs, 687 S.W.2d 731, 733 (Tex.
1985). The property division need not be equal so long as it is equitable and the circumstances justify a
disproportionate division. Matter of Marriage of Moore, 890 S.W.2d 821, 843 (Tex. App.--Amarillo
1994, no writ); Vannerson v. Vannerson, 857 S.W.2d 659, 668 (Tex. App.--Houston [1st Dist.] 1993,
writ denied). The party appealing the property division bears the burden of establishing from the record
that the division is so unjust and unfair as to constitute an abuse of discretion. Vannerson, 857 S.W.2d
at 668-69; Hopf v. Hopf, 841 S.W.2d 898, 900 (Tex. App.--Houston [14th Dist.] 1992, no writ).

 There is nothing in the record establishing that the trial court abused its discretion. Although
it appears from the decree that Rosalva got a larger number of items than Manuel did, the decree also
reveals that Rosalva assumed more debt. Furthermore, because nothing in the record reveals the relative
value of the marital assets, we have no evidence by which to deduce that Rosalva's share was
disproportionate in value from Manuel's. Most importantly, Manuel's attorney stated at the hearing that
Manuel agreed to the property division except that he wanted an easement over part of Rosalva's land. 
Manuel presents no reason we should now hear his complaint about the division of property other than the
easement. Moreover, the record does not support the conclusion that the trial court abused its discretion
in denying Manuel an easement over Rosalva's property. Based on Manuel's attorney's acquiescence to
the property division at the hearing and on the lack of evidence in the record respecting the value of the
marital assets, we conclude Manuel has not established the property division was an abuse of discretion. 
Accordingly, we overrule Manuel's first point of error.

 In his second point of error, Manuel contends the trial court's award of child support is not
legally or factually supported by the evidence. The court set child support at $1,000 each month, part of
it earmarked for health insurance for the children. Manuel argues there is no evidence in the record
revealing his monthly net resources; therefore, Manuel argues, the court could not have applied the child
support guidelines as required by the Texas Family Code. See Tex. Fam. Code Ann. §§ 154.125 & .126
(West 1996).

 A trial court has discretion to award child support within the parameters set forth in the
Texas Family Code. See Rodriguez v. Rodriguez, 860 S.W.2d 414, 415 (Tex. 1993). The guidelines
are intended to be used as guides, and a trial court is not required to use them. Tex. Fam. Code Ann. §
154.121 (West 1996); In re G.J.S., 940 S.W.2d 289, 294 (Tex. App.--San Antonio 1997, no writ). A
court may consider any factor it deems relevant in determining child support, including factors outside those
listed in the Family Code. Tex. Fam. Code Ann. § 154.123(17) (West 1996); Sanchez v. Sanchez, 915
S.W.2d 99, 102 (Tex. App.--San Antonio 1996, no writ); Laprade v. Laprade, 784 S.W.2d 490, 493
(Tex. App.--Fort Worth 1990, writ denied).

 We will not overturn a trial court's decision in this regard unless a clear abuse of discretion
is shown. Rodriguez, 860 S.W.2d at 415. We do not, therefore, consider the legal and factual sufficiency
of the evidence as independent grounds of error. In re G.J.S., 940 S.W.2d at 293; In re Pecht, 874
S.W.2d 797, 800 (Tex. App.--Texarkana 1994, no writ); Mai v. Mai, 853 S.W.2d 615, 618 (Tex.
App.--Houston [1st Dist.] 1993, no writ). The sufficiency of the evidence is only one factor to be
considered in assessing whether the trial court abused its discretion. Id. 

 We conclude that, although the evidence supporting the district court's support award is
thin, it is not thin enough to overcome the abuse-of-discretion standard. The record reveals that Rosalva
assumed many debts upon divorce and Manuel did not. The Family Code specifically provides that the
court may consider this factor in setting child support. See Tex. Fam. Code Ann. § 154.123(16). 
Furthermore, Rosalva agreed to pay for the children's health insurance. This is another factor to be
considered in awarding child support. See id. § 154.123(12). Finally, the record reflects that Manuel
agreed to pay $1,000 per month in child support during the pendency of the case in district court, and that
at the trial on the merits his attorney acquiesced to setting the amount at $1,000 per month in the future. 
Manuel points to no evidence in the record that the award was out of line with the guidelines or that the
circumstances did not warrant departure from the guidelines. We hold, therefore, that he has failed to
establish the trial court abused its discretion in setting child support. We overrule point of error two.

 In point of error three, Manuel contends the district court abused its discretion in allowing
his attorney to withdraw at the final hearing because the withdrawal was untimely and improperly presented. 
First, we note the court did not actually allow Manuel's attorney to withdraw until the court signed the final
divorce decree. Second, we note Manuel did not object to the allegedly improper procedure in his motion
for new trial. He has, therefore, failed to preserve this point for review. See McCaskill v. McCaskill, 761
S.W.2d 470, 473 (Tex. App.--Corpus Christi 1988, writ denied). We overrule point of error three.

 In point of error four, Manuel argues the court erred in signing the final decree because (1)
it did not reflect the relief ordered at the final hearing and (2) Manuel was not first notified that Rosalva had
submitted a proposed decree for the court's signature. Manuel did not preserve his complaint that the
court's final written decree varies from its oral pronouncements. Therefore, we overrule the point of error
insofar as it attempts to raise that issue. See id.

 The only issue remaining, then, concerns Manuel's lack of notice of the proposed decree. 
Manuel complains that Rosalva did not send him a copy of the proposed judgment she submitted to the
court after the hearing. Texas Rule of Civil Procedure 305 requires a party submitting a proposed judgment
to serve a copy on all parties to the suit who have appeared and remain in the case. See Tex. R. Civ. P.
305. Although Rosalva contends on appeal that she sent a copy of the proposed decree to Manuel,
nothing in the record establishes that she did. 

 Even if Manuel's allegation of improper procedure below is correct, he fails to explain how
the omission harmed him. We may reverse a decree only when a party establishes harmful error. See Tex.
R. App. P. 81(b)(1). Manuel received notice of the final decree in time to file a motion for new trial. 
Although he did complain in his motion that he had not seen the proposed decree, the only injuries he
alleged in his motion were improper division of property and insufficient evidence supporting the child
support award. We have already addressed those issues. Because Manuel has not established any harm
resulting from the error below, we overrule his fourth point of error. 


CONCLUSION

 Having overruled all four of Manuel's points of error, we affirm the trial court's final decree
of divorce.



 __________________________________________

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Aboussie and B.A. Smith

Affirmed

Filed: July 3, 1997

Do Not Publish

1. Rosalva moves that we dismiss this appeal because (1) Manuel did not tender the requisite filing
fee when he filed the transcript and (2) his brief was late. See Tex. R. App. P. 13(a), (i) & 74(k). Our
records indicate the fee has been paid and we granted Manuel an extension of time to file his brief. The
motion is, therefore, overruled.


 We do not, therefore, consider the legal and factual sufficiency
of the evidence as independent grounds of error. In re G.J.S., 940 S.W.2d at 293; In re Pecht, 874
S.W.2d 797, 800 (Tex. App.--Texarkana 1994, no writ); Mai v. Mai, 853 S.W.2d 615, 618 (Tex.
App.--Houston [1st Dist.] 1993, no writ). The sufficiency of the evidence is only one factor to be
considered in assessing whether the trial court abused its discretion. Id. 

 We conclude that, although the evidence supporting the district court's support award is
thin, it is not thin enough to overcome the abuse-of-discretion standard. The record reveals that Rosalva
assumed many debts upon divorce and Manuel did not. The Family Code specifically provides that the
court may consider this factor in setting child support. See Tex. Fam. Code Ann. § 154.123(16). 
Furthermore, Rosalva agreed to pay for the children's health insurance. This is another factor to be
considered in awarding child support. See id. § 154.123(12). Finally, the record reflects that Manuel
agreed to pay $1,000 per month in child support during the pendency of the case in district court, and that
at the trial on the merits his attorney acquiesced to setting the amount at $1,000 per month in the future. 
Manuel points to no evidence in the record that the award was out of line with the guidelines or that the
circumstances did not warrant departure from the guidelines. We hold, therefore, that he has failed to
establish the trial court abused its discretion in setting child support. We overrule point of error two.

 In point of error three, Manuel contends the district court abused its discretion in allowing
his attorney to withdraw at the final hearing because the withdrawal was untimely and improperly presented. 
First, we note the court did not actually allow Manuel's attorney to withdraw until the court signed the final
divorce decree. Second, we note Manuel did not object to the allegedly improper procedure in his motion
for new trial. He has, therefore, failed to preserve this point for review. See McCaskill v. McCaskill, 761
S.W.2d 470, 473 (Tex. App.--Corpus Christi 1988, writ denied). We overrule point of error three.

 In point of error four, Manuel argues the court erred in signing the final dec