IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00272-CV

 

In the
Interest of A.B.K. and D.A.K., Children

 

 

 

 



From the 19th District Court

McLennan County, Texas

Trial Court No. 2000-3992-4

 



MEMORANDUM  Opinion



 








            Siegfried Kreis appeals from an order
modifying his child support obligation after the parties agreed that one of
their children would move into Kreis’s home while the other would remain with
his mother Cathleen Jones.  Kreis contends in four issues that the modification
constitutes an abuse of discretion because: (1) the court failed to set the
amount of support within the child support guidelines provided by the Family
Code for an obligor who has net monthly resources in excess of $6,000; (2) there
is no evidence or factually insufficient evidence in the record to support a
departure from the child support guidelines; (3) the court erroneously relied
on a prior mediated settlement agreement which had been incorporated into the
parties’ divorce decree; and (4) the court failed to require Jones to pay child
support for the child in Kreis’s custody.  We will affirm.

Background

            The parties were divorced in 2001.  Pursuant
to the mediated settlement agreement, Jones received the right to establish
their sons’ primary residence.  It was further agreed that Kreis would pay
$2,400 per month in child support as long as Jones and the children resided in McLennan County and that $900 of the agreed child support was conditioned on Jones
maintaining the children’s residence in that county or a contiguous county.  Finally,
the parties agreed that, if Kreis filed a motion to modify, (1) his obligation
to pay more than $1,500 per month in child support would cease, and (2) Jones’s
obligation to maintain the children’s residence in McLennan County or a contiguous county would likewise cease.

            In accordance with the settlement
agreement, the divorce decree provided in pertinent part:

            IT IS ORDERED that SIEGRFIED RICHARD
KREIS is obligated to pay and shall pay to CATHLEEN SPEARS KREIS child support
of $2,400.00 per month, of which $1,500.00 is characterized as child support
under the “net cap” provisions of Section 154.125 and 154.126, Texas Family
Code, and with the balance being additional child support and the
consideration for CATHLEEN SPEARS KREIS’ agreement to maintain the children’s
residence in McLennan County or counties contiguous hereto . . . .

 

. . . .

 

            In the event SIEGFRIED RICHARD KREIS
moves to modify this support order, the parties agree, and the Court ORDERS
that CATHLEEN SPEARS KREIS is relieved of the obligation to maintain McLennan County as the residence of the children.

            Kreis filed a petition to modify
alleging: (1) A.B.K. wanted to live with Kreis and the decree should be
modified to permit Kreis to designate A.B.K.’s primary residence; (2) his monthly
child support obligation was not in “substantial compliance” with the statutory
guidelines and should be reduced; and (3) it had been three years since the divorce
decree was rendered, and the monthly child support differed by either 20
percent or $100 from the amount provided by the guidelines.[1] 
After a hearing, the court issued an order granting Kreis’s request to
designate A.B.K.’s primary residence and reduced Kreis’s monthly child support
obligation to $2,000.

Child Support Guidelines

            Kreis contends in his first issue that
the court abused its discretion by refusing to modify his child support
obligation so that it fell within the guidelines of section 154.126 of the
Family Code.

            We review child support orders under
an abuse-of-discretion standard.  Worford v. Stamper, 801 S.W.2d 108,
109 (Tex. 1990) (per curiam); In re J.C.K., 143 S.W.3d 131, 134 (Tex. App.—Waco
2004, no pet.).  We do not conduct an independent review of findings of fact in
a child support case under traditional legal and factual sufficiency
standards.  J.C.K., 143 S.W.3d at 135; London v. London, 94 S.W.3d 139, 143-44 (Tex. App.—Houston [14th Dist.] 2002, no pet.).  Rather,
legal and factual sufficiency are factors which can be considered in
determining whether an abuse of discretion has occurred.  J.C.K., 143
S.W.3d at 135; London, 94 S.W.3d at 143-44.

 

In re J.D.M., 221 S.W.3d 740, 742 (Tex. App.—Waco 2007, no pet.).

            In an original suit in which a trial
court awards child support, the percentage guidelines set forth in Chapter 154
of the Family Code are “presumed to be reasonable” and in accordance with “the
best interest of the child.”  Tex. Fam.
Code Ann. § 154.122(a) (Vernon 2002).  However, the parties may agree to
a different amount of support which will be enforced “[i]f the court finds that
the agreement is in the child’s best interest.”  See id. § 154.124 (Vernon Supp. 2007).  In addition, the court may determine that a different amount of
support is warranted on a finding that “the application of the guidelines would
be unjust or inappropriate under the circumstances.”  Id. §§ 154.122(b),
154.123 (Vernon 2002).

            Section 154.126 applies when an
obligor’s net monthly resources exceed $6,000.  Id. § 154.126 (Vernon 2002). 
Under section 154.126, “the court shall presumptively apply the percentage
guidelines to the first $6,000 of the obligor’s net resources” and may order
additional support “as appropriate, depending on the income of the parties and
the proven needs of the child.”  Id. § 154.126(a).  “However, in no
event may the obligor be required to pay more child support than the greater of
the presumptive amount or the amount equal to 100 percent of the proven needs
of the child.”  Id. § 154.126(b); see also Lide v. Lide, 116
S.W.3d 147, 156-57 (Tex. App.—El Paso 2003, no pet.).[2]

            In a suit to modify a child support
order, the court “may modify the order to substantially conform with the
guidelines” but the court may also “consider other relevant evidence in
addition to the factors listed in the guidelines.”  Tex. Fam. Code Ann. § 156.402(b) (Vernon 2002) (emphasis
added).  Thus, the court’s use of the guidelines for setting the amount of
child support in a modification proceeding is discretionary, not mandatory.  See
Friermood v. Friermood, 25 S.W.3d 758, 760 (Tex. App.—Houston [14th Dist.]
2000, no pet.); In re G.J.S., 940 S.W.2d 289, 294 (Tex. App.—San Antonio
1997, no writ).

            Here the court found that “application
of the guidelines in this case would be unjust.”[3]  Because
this is a modification proceeding, we cannot say that the court abused its
discretion by failing to apply the child support guidelines in determining the
amount of child support.  See Tex.
Fam. Code Ann. § 156.402(b); Friermood, 25 S.W.3d at 760; G.J.S.,
940 S.W.2d at 294.  Kreis’s first issue is overruled.

Sufficiency of Evidence

            Kreis contends in his second issue
that the court abused its discretion by only reducing the amount of child
support to $2,000 per month because there is no evidence or factually
insufficient evidence of D.A.K.’s “proven needs” under section 154.126 to
justify a departure from the guidelines.  However, we have already observed
that the trial court is not required to use the guidelines when setting the
amount of child support in a modification proceeding.  See Tex. Fam. Code Ann. § 156.402(b); Friermood,
25 S.W.3d at 760; G.J.S., 940 S.W.2d at 294.  Therefore, Kreis’s second
issue is overruled.

Geographic Restriction

            Kreis contends in part of his third
issue that the court abused its discretion by considering the prior mediated settlement
agreement as a basis for requiring the parties to reside in McLennan County or a contiguous county.

            In an order for joint managing
conservatorship, “the court shall:”

(1) designate the conservator who has the
exclusive right to determine the primary residence of the child and:

 

(A) establish, until modified by further order, a
geographic area within which the conservator shall maintain the child’s primary
residence; or

            

(B) specify that the conservator may determine the
child’s primary residence without regard to geographic location.

 

Tex. Fam. Code Ann. § 153.134(b)(1) (Vernon Supp. 2007).

            Under the original divorce decree and
pursuant to the settlement agreement, the parties were appointed joint managing
conservators.  Jones was given the right to establish the children’s primary
residence in McLennan County or a contiguous county.  See id. § 153.134(b)(1)(A).

            In Kreis’s motion to modify, he sought
to be designated as the parent who would determine A.B.K.’s primary residence.[4] 
The court granted this request but also determined that A.B.K.’s primary
residence must remain within the same geographic area as that provided by the
original divorce decree.  Although not stated in the court’s written findings
of fact,[5] the trial
judge did explain to the parties at the conclusion of the hearing that he
considered it important and in the best interest of the children for them to
remain in close geographic proximity.  See One Ford Mustang v. State,
231 S.W.3d 445, 454 (Tex. App.—Waco 2007, no pet.) (giving consideration to
trial court’s “oral finding”); but cf. In re Doe 10, 78 S.W.3d 338, 340
n.2 (Tex. 2002) (“Oral comments from the bench are not written findings of
fact.”); In re W.E.R., 669 S.W.2d 716, 716 (Tex. 1984) (per curiam)
(appellate court may not consider trial judge’s oral comments as substitute for
written findings); In re E.A.S., 123 S.W.3d 565, 569 (Tex. App.—El Paso
2003, pet. denied) (“Oral statements by the judge on the record will not be
accepted as findings of fact.”).

            Regardless of the trial court’s oral
comment, it was within the court’s discretion to determine whether Kreis and
Jones should be permitted to establish their sons’ primary residences with or without
geographic restriction.  See Tex.
Fam. Code Ann. § Tex. Fam. Code
Ann. § 153.134(b)(1); Stucki v. Stucki, 222 S.W.3d 116, 125-27 (Tex. App.—Tyler 2006, no pet.); Bates v. Tesar, 81 S.W.3d 411, 440 (Tex. App.—El Paso 2002, no pet.).  Aside from the fact that a similar geographic
restriction was contained in the parties’ settlement agreement and the original
divorce decree, Kreis refers us to no evidence in the record to support his
contention that the court’s imposition of a geographic restriction in the
modification order constitutes an abuse of discretion.  Therefore, we cannot
say that the court abused its discretion by imposing the geographic
restriction.

Additional Child Support

            Kreis also contends in his third issue
that the court abused its discretion by using the settlement agreement as a
basis for setting the amount of child support in the modification order.

            The settlement agreement and the
divorce decree conditioned $900 of Kreis’s monthly child support obligation on
Jones maintaining the children’s residence in the vicinity of McLennan County.  Kreis refers to this as the “residency bonus.”  He argues, in essence, that
even though the court reduced his monthly child support obligation by $400, the
court should have reduced it by at least $900 because, under the terms of the
settlement agreement, his obligation to pay the “residency bonus” ceased when
he filed the petition to modify.  Kreis also argues that the settlement
agreement was no longer binding on the parties and thus could not serve as a
basis for requiring child support in excess of the statutory guidelines.

            Kreis’s argument arises primarily from
certain findings of fact issued by the court and the following statement the judge
made during the modification hearing:

I have previously given Dr. Kreis a break on the
$2,400 a month he was paying for both children, and I reduced it to $2,000
under the temporary orders.  In order to give affect [sic] to the mediated
settlement agreement, I’m going to maintain that same amount as child support
at this time, and since I’m saying that the mediated agreement is binding on
the parties, I’m going to find that the amount above the guideline support is
the consideration for Mrs. Jones agreeing to maintain the children’s residence
in McLennan or contiguous counties.

 

The pertinent written findings[6]
are as follows:

3.         The Court ordered that the monthly
amount of child support would be TWO THOUSAND DOLLARS ($2,000.00) per month.

 

4.         The Court found that the application of
the guidelines in this case would be unjust.

 

            Additionally found that:

 

a.                 
The monthly net resources of
the obligor per month are in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);

 

b.                 
The monthly net resources of
the obligee per month are THREE THOUSAND DOLLARS ($3,000.00);

 

c.                  
The percentage applied to the
obligor’s net resources for the child support by the actual order rendered by
the Court is less than thirteen percent (13%);

 

d.                
The amount of child support if
the percentage guidelines are applied to the first $6,000 of the obligor’s net
resources is TWELVE HUNDRED DOLLARS ($1,200.00).

 

5.         The prior agreement by the parties is
consistent with TWO THOUSAND DOLLARS ($2,000.00) per month in child support.

 

6.         The proven needs of the child include a
lifestyle similar to that of his sibling.

 

7.         Taking into consideration the
circumstances of the parents, TWO THOUSAND DOLLARS ($2,000.00) per month is in
the best interest of the child.

 

8.         In light of all these factors,
additional support in excess of the statutory guidelines is owing on the part
of Kreis to Jones.

 

            Unlike the court’s determination of
custody issues (and in particular the geographic residency restriction), Kreis
requested findings of fact regarding why the court chose to depart from the
guidelines.  The court’s written findings necessarily supersede any oral
findings stated on the record.  Maeberry v. Gayle, 955 S.W.2d 875, 878
n.3 (Tex. App.—Corpus Christi 1997, no pet.) (“The court’s written findings of
fact control over its oral findings.”); see also Doe 10, 78 S.W.3d at
340 n.2; W.E.R., 669 S.W.2d at 716; E.A.S., 123 S.W.3d at 569.

            The court did not make a written
finding of fact or conclusion of law[7] that
the parties’ settlement agreement was binding.  The court apparently did view
the amount of child support established by the settlement agreement and the
corresponding divorce decree as a benchmark for determining the extent to which
Kreis’s support obligation should be modified.  This does not, by itself,
establish an abuse of discretion in a modification proceeding.  See J.D.M.,
221 S.W.3d at 744 (in deciding whether to modify child support, “the trial court
must examine and compare the circumstances of the parents and any minor
children at the time of the initial order, with the circumstances existing at
the time modification is sought”).

            The gist of Kreis’s complaint seems to
be that the trial court should not have used the settlement agreement as a
reference point in the modification hearing but instead should have used the
guidelines as the baseline for determining the amount of support and then
varied from the amount dictated by the guidelines only if the evidence required
or permitted such a variance.  If this were an original suit we would agree,
but because this is a modification proceeding, we do not.

            As the movant, it was Kreis’s burden
to prove: (1) a material change of circumstances; and (2) the extent to which
the existing child support should be modified because of that change.  See London v. London, 192 S.W.3d 6, 15 (Tex. App.—Houston [14th Dist.] 2005, pet. denied);
Cameron v. Cameron, 158 S.W.3d 680, 682 (Tex. App.—Dallas 2005, pet.
denied).  Under section 156.402(b), Kreis bore the burden of proving that it
would be in the best interest of D.A.K. for the amount of child support “to
substantially conform with the guidelines.”  See Tex. Fam. Code Ann. § 156.402(b) (“the court may modify the
order to substantially conform with the guidelines if the modification is in the
best interest of the child”).  Instead, Kreis faults Jones, the non-movant, for
failing to establish D.A.K.’s “proven needs” under section 154.126.

            The only evidence Kreis offered
to support a reduction of child support is that Jones will necessarily have one
less child to take care of.  Instead, Kreis devotes most of his argument to
highlighting the extent to which the amount of child support ordered varies
from what the guidelines would require.  The court expressly found that
application of the guidelines would be “unjust.”  The court was not bound by
the guidelines in this modification proceeding and was permitted by statute to
“consider other relevant evidence.”  Id.; Friermood, 25 S.W.3d at
760; G.J.S., 940 S.W.2d at 294.  From the record before us, we cannot
say that the court abused its discretion by requiring Kreis to pay $2,000 per
month in child support.  Accordingly, we overrule his third issue.

 

 

Jones as Obligor

            Although Kreis did not brief a
separately enumerated issue regarding the trial court’s refusal to require
Jones to pay child support, he does include argument and authorities pertinent
to this contention within each of his three enumerated issues.  Therefore, we
address this contention as a separate issue.  See Tex. R. App. P. 38.1(e) (“The statement
of an issue or point will be treated as covering every subsidiary question that
is fairly included.”); Lee v. Hasson, No. 14-05-00004-CV, 2007 WL
236899, at *14 n.11 (Tex. App.—Houston [14th Dist.] Jan. 30, 2007, pet. denied)
(addressing “subsidiary question”); In re T.N.F., 205 S.W.3d 625, 631
(Tex. App.—Waco 2006, pet. denied) (same).

            Kreis did not include a request that
Jones should be required to pay child support in his Second Amended Petition to
Modify the Parent-Child Relationship.[8] 
Rather, he requested only that his support be reduced: (1) to more
substantially comply with the guidelines; and (2) to account for the increased
expenses he has incurred because A.B.K. came to live with him.

            Because there are no pleadings to
support an order requiring Jones to pay child support, we cannot say that the
court abused its discretion in this regard.  See In re B.M., 228 S.W.3d 462,
465 (Tex. App.—Dallas 2007, no pet.); Stucki, 222 S.W.3d at 121-22; Binder
v. Joe, 193 S.W.3d 29, 33 (Tex. App.—Houston [1st Dist.] 2006, no pet.); cf.
Leithold v. Plass, 413 S.W.2d 698, 701 (Tex. 1967) (“Technical rules of
practice and pleadings are of little importance in determining issues concerning
the custody of children.”); Peck v. Peck, 172 S.W.3d 26, 35 (Tex.
App.—Dallas 2005, pet. denied) (same).  Accordingly, we overrule this
contention.

We affirm the judgment.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief Justice Gray concurs with a note in only
the judgment of the Court.  A separate opinion will not be issued. 
Chief Justice Gray notes as follows:  “The Appellant met his burden to
show changed circumstances.  There are a number of statements in the
Court’s opinion with which I do not agree, most of which are unnecessary dicta
that does not impact the result.  I do not find, however, the distinction
in the trial court’s discretion, or evidence it can consider, when setting the
amount of child support in a modification hearing that is in any way different
than at the time of the divorce as the Court has found.  While I may have
set a different amount for child support for only one of the two children, I
find no abuse of the trial court’s considerable discretion in this modification
hearing.”)

Affirmed

Opinion delivered and
filed November 7, 2007

[CV06]









[1]
              Under section 156.401(a-1) of
the Family Code, if as here the parties had previously agreed to a different
amount of child support than provided by the statutory guidelines, then “the
court may modify the order only if the circumstances of the child or a person
affected by the order have materially and substantially changed since the date
of the order’s rendition.”  Tex. Fam.
Code Ann. § 156.401(a-1) (Vernon Supp. 2007); cf. Tex. Fam. Code Ann. § 156.401(a) (Vernon Supp. 2007) (child support may be modified if: (1) there has been a material and
substantial change of circumstances; or (2) “it has been three years since the
order was rendered or last modified and the monthly amount of the child support
award under the order differs by either 20 percent or $100 from the amount that
would be awarded in accordance with the child support guidelines”).





[2]
              By comparison, an obligor with
net monthly resources of $6,000 or less may conceivably be required to pay more
than the “proven needs” of the child.  See Tex. Fam. Code Ann. § 154.125 (Vernon 2002); Lide v. Lide,
116 S.W.3d 147, 156-57 (Tex. App.—El Paso 2003, no pet.).





[3]
              The court stated this “finding”
in both its original Finding of Fact No. 4 and its “additional” Finding of Fact
No. 4.  Despite the label, this is arguably a conclusion of law rather than a
finding of fact.  See Ray v. Farmers State Bank of Hart, 576 S.W.2d 607,
608 n.1 (Tex. 1979) (designations trial court assigns to findings of fact and
conclusions of law are not controlling); Smith v. Smith, 112 S.W.3d 275,
279 (Tex. App.—Corpus Christi 2003, pet. denied) (same).





[4]
              Kreis did not, however, make
any allegation with regard to whether he should be permitted to determine
A.B.K.’s primary residence with or without geographic restriction.

 





[5]
              Kreis requested written
findings of fact with respect to only the child support determination.





[6]
              A substantially identical
version of the quoted original findings of fact is included with identical
numbering in the “additional” findings of fact.





[7]
              In fact, the court made no
written “conclusions of law” or at least none denominated as such.





[8]
              By contrast, Kreis did request
in his First Amended Petition to Modify that Jones be required to pay temporary
child support for A.B.K.  The court denied this request.