**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00397-CV**

_____

**IN THE INTEREST OF B.R.M., E.R.M., AND S.A.M.**

**On Appeal from the 418th District Court**
**Montgomery County, Texas**
**Trial Cause No. 17-06-07050-CV**

**MEMORANDUM OPINION**

This is an appeal from an Order in a Suit to Modify Parent-Child Relationship, which reduced the child support paid by B.R.M., E.R.M., and S.A.M.'s father (Father) under an Agreed Final Decree of Divorce based on a binding Mediated Settlement Agreement (MSA). Father appealed the trial court's modification order setting child support payments at the maximum level under the child support guidelines and argues the evidence is legally and factually insufficient. We affirm the trial court's Order in a Suit to Modify Parent-Child Relationship.

1

## Background

Mother and Father married in 1997 and had four children. When the divorce was granted, the trial court named Mother and Father joint managing conservators with Mother having the right to designate the children's primary residence. Under the Agreed Final Decree of Divorce, Father was ordered to pay $2,992.50 per month in child support, with no reduction in the amount or "step-down" as each child reached the age of majority or graduated. In other words, Father agreed to pay $2,992.50 per month until the last child turned eighteen or graduated, whichever came last. During the modification proceedings, B.R.M., E.R.M., and S.A.M. were still minors.

In January 2021, Father filed his Petition to Modify the Parent-Child Relationship, seeking to reduce his monthly child support obligation. Father alleged "[t]he circumstances of the children or a person affected by the order have materially and substantially changed" since they signed the MSA and child support payments should be decreased. Father further alleged that the Agreed Final Decree failed to provide a "step down reduction in child support[,]" and their oldest child had reached the age of majority. A summary of Father's requested child support modification was admitted at trial and stated:

> 2. Petitioner requests that the Court reduce Petitioner's child support obligation to $1,188.35, based on Petitioner's current income. Said child support should be subject to a step down as the minor children reach the age of majority. Petitioner shall continue to provide health

insurance coverage for the children and each party should be ordered to pay uncovered medical expenses of the children.

In November 2020, Father lost his job with ExxonMobil. He testified that the job he held with ExxonMobil was unique to the oil and gas industry and despite a job search across the country, he was unable to locate similar employment. Father explained that he has a bachelor's degree in engineering and a master's degree in theology.

The evidence showed that at the time of the divorce, Father worked for ExxonMobil and had gross earnings of over $650,000. When Father lost his job, he had been employed there approximately twenty-three years. He received a $360,000 severance payout, and his 2020 W-2 showed gross earnings over $511,000. Father testified his monthly expenses were $11,000 but admittedly did not provide documentation of these expenses.

Father testified that he started a new consulting business with three other individuals and is the CEO but currently is not getting paid. Father testified that he is charging $100 per hour and working fifteen to twenty hours per month. However, Father only submitted an invoice for his company for March 2021, which showed $6,600 billed to one client.

Although Father testified that he was unlikely to make the type of money he did at ExxonMobil, Father agreed that he failed to provide bank statements, retirement statements, and invoices from his new business except one invoice for

March 2021 and his 2020 W-2. Father also testified that he did not provide documentary evidence of his severance payout from ExxonMobil. The record showed that the trial court had to recess so Father could complete his Financial Income Statement.

Father explained that no funds remained from his severance payout, because he used the money to pay taxes, pay down debt, pay living expenses, and invest in businesses. Father estimated that his expenses including his mortgage and taxes were about $11,000 per month, and he provided health insurance for the three children through his spouse in the amount of $351. Father explained that of the $360,000 severance, he used: (1) $88,000 for living expenses; (2) $52,000 for taxes; (3) $5,000 to pay on his wife's Land Rover, although it did not pay the vehicle off; (4) $15,000 as an extra payment on his home, although it did not reduce his monthly note; (5) $40,000 to $50,000 to start his new business; (6) $60,000 invested in his wife's separate rental property business; and (7) $80,000 deposited in his wife's sole checking account. Father testified that he spent the money despite knowing he had support obligations. Father also testified he had $20,000 in Exxon stock that would vest by the end of the year.

In the modification order, the trial court reduced Father's monthly obligation from $2,992.50 per month to $2,760 for the three children and included a "step down" provision that further reduced the amount upon the later of any child turning

4

eighteen or graduating. When that occurred, Father's child support obligation for the remaining two children would be $2,300 per month, and when one child remained, his obligation would be $1,840 per month. Father filed a Request for Findings of Fact and Conclusions of law pursuant to Texas Rules of Civil Procedure 296 and 297 but did not file a notice of past due findings. The trial court did not file any findings of fact or conclusions of law.

**Standard of Review**

Trial courts have broad discretion in ruling on a motion seeking to modify a previous child support order once a party seeking the modification establishes a material and substantial change in circumstances since the trial court rendered the prior order. *See* Tex. Fam. Code Ann. § 156.401(a) (permitting a trial court to modify a child support order); *Royer v. Royer*, 98 S.W.3d 284, 285–86 (Tex. App.—Beaumont 2003, no pet.). We will not disturb a trial court's order of child support unless the complaining party shows a clear abuse of discretion. *See Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011); *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). Under the abuse of discretion standard that we apply to child support orders, legal and factual insufficiency are not independent grounds of error, rather they are relevant factors in assessing whether the trial court abused its discretion. *See Farish v. Farish*, 921 S.W.2d 538, 542 (Tex. App.—Beaumont 1996, no writ); *see also Trumbull v. Trumbull*, 397 S.W.3d 317, 319 (Tex. App.—Houston [14th Dist.] 2013,

no pet.). "The test is whether the court acted arbitrarily or unreasonably, without references to any guiding rules and principles." *Farish*, 921 S.W.2d at 541 (citation omitted); *see also In re J.A.J.*, 283 S.W.3d 495, 497 (Tex. App.—Beaumont 2009, no pet.) (citation omitted). A trial court does not abuse its discretion if the record contains some evidence of a substantive and probative character to support its decision. *Trumbull*, 397 S.W.3d at 319–20; *see also Farish*, 921 S.W.2d at 541. In a case tried to the bench, the trial court acts as the factfinder, determines which witnesses are credible, decides what weight to give the testimony, and is free to resolve any inconsistencies in the testimony. *See Iliff*, 339 S.W.3d at 83 (citation omitted); *In re N.P.H.*, No. 09-15-00010-CV, 2016 WL 5234599, at *3 (Tex. App.—Beaumont Sept. 22, 2016, no pet.) (mem. op.) ("In a bench trial, the trial court acts as both the factfinder and as the sole judge of the credibility of witnesses."). We consider only the evidence most favorable to the judgment and will uphold the judgment on any legal theory that finds support in the evidence. *See Worford*, 801 S.W.2d at 109; *In re J.A.J.*, 283 S.W.3d at 497–98 (noting we view evidence in the light most favorable to the trial court's decision and indulge every legal presumption in favor of the judgment). Where there are no findings of fact or conclusions of law filed, all necessary findings to support the trial court's judgment are implied. *See Sonnier v. Sonnier*, 331 S.W.3d 211, 214 (Tex. App.—Beaumont 2011, no pet.).

6

## Analysis

In support of his issue, Father contends that the trial court erred in ordering child support at the maximum under the guidelines and based on a net income of $9,200 and the amount he was ordered to pay was seventy percent of his net monthly self-employment income. Father also notes that he requested findings of fact and conclusions of law, which the trial court did not file.

Texas Family Code section 154.130 requires a trial court to make findings of fact if a party timely requests them in writing or in open court or the amount of child support varies from the amount computed by applying the percentage guidelines. *See* Tex. Fam. Code Ann. § 154.130(a). Here, however, Father filed his Request for Findings of Fact and Conclusions of Law pursuant to Texas Rules of Civil Procedure 296 and 297 rather than Texas Family Code section 154.130. *Compare* Tex. R. Civ. P. 296 and 297, *with* Tex. Fam. Code Ann. § 154.130.

Under Rule 297, the trial court has twenty days to file its findings and conclusions after a timely request. Tex. R. Civ. P. 297. If a trial court fails to do so, the requesting party, within thirty days after filing the original request, must file a notice of past due findings of fact and conclusions of law stating the date on which the original request was filed and the date the findings and conclusions were due. *Id.* Once the notice of past due findings is filed, the trial court's time to file its findings

7

of facts and conclusions of law is extended to forty days from the date of the original request. *Id.*

The record before us does not show that Father filed the requisite notice of past due findings. *See id.* Therefore, to the extent Father complains about the trial court's failure to issue findings of fact and conclusions of law pursuant to Rules 296 and 297, he has failed to preserve that for appellate review. *See Sonnier*, 331 S.W.3d at 214 (explaining that failure to file "past due" notice is treated as a waiver of the right to complain about trial court's failure to file findings); *see also In re A.E.D.*, No. 09-13-00555-CV, 2014 WL 4363445, at *2 (Tex. App.—Beaumont Sept. 4, 2014, pet. denied) (mem. op.) (concluding in modification proceeding that appellant failed to preserve complaint regarding untimely findings of fact and conclusions of law where party did not file a notice of past due findings containing the information Rule 297 required); *Baker v. Peterson*, No. 10-02-00113-CV, 2004 WL 756622, at *1–2 (Tex. App.—Waco Apr. 7, 2004, no pet.) (mem. op.) (concluding in modification suit that failure to provide a notice of past due findings and conclusions that includes the recitations required by Rule 297 results in waiver on appeal). Moreover, since Father did not request that the trial court issue findings of fact and conclusions of law pursuant to Texas Family Code section 154.130, the trial court did not err in failing to provide them. *See In re T.A.*, 346 S.W.3d 676, 678-79 (Tex. App.—El Paso 2009, pet. denied) (holding trial court did not err in failing to make

section 154.130 findings where appellant requested findings pursuant to Texas Rule of Civil Procedure 296 and did not file a notice of past due findings).

Generally, the child support guidelines provide for thirty percent of an obligor's net resources for three children, twenty-five percent of net resources for two children, and twenty percent for one child. Tex. Fam. Code Ann. § 154.125(b). The guidelines are based on maximum net resources of $9,200. *See id.* § 154.061(b); Office of the Attorney General 2021 Tax Charts, https://csapps.oag.texas.gov/system/files/2020-12/2021_tax_chart.pdf (last visited Feb. 24, 2023). A trial court looks to all sources of income to determine one's ability to pay child support. *See In re G.J.S.*, 940 S.W.2d 289, 293 (Tex. App.—San Antonio 1997, no writ); *see also* Tex. Fam. Code Ann. § 154.062(b) (calculating net resources including among other things, self-employment income, all other income actually received, including severance pay, interest, dividends, gifts and prizes). "[N]et resources may be calculated on 'imprecise information.'" *In re J.A.J.*, 283 S.W.3d at 499 (quoting *In re J.C.K.*, 143 S.W.3d 131, 139 (Tex. App.—Waco 2004, no pet.)).

Father contends on appeal that the trial court applied the child support guidelines but ordered support at the cap of those guidelines and did not make a ruling based on the evidence of income provided at trial. Father notes that the trial court failed to make affirmative findings as to why it deviated from the guidelines

9

yet acknowledges that the trial court ordered payments based on the guidelines. Father's primary complaint seems to be that the trial court's determination of his net resources was incorrect, and Father focuses solely on his testimony that he anticipated a $6,000 monthly income from his consulting business. As explained above, a trial court's consideration of resources is not limited to this monthly income from his self-employment. *See In re G.J.S.*, 940 S.W.2d at 293; *see also* Tex. Fam. Code Ann. § 154.062(b). Elsewhere, Father's testimony and documentary evidence contradict the $6,000 monthly amount. Specifically, although Father asked the trial court to base his support obligation on the estimated $72,000 per year he hoped to earn from his consulting business, he provided one monthly invoice for this business in the amount of $6,600. Extrapolating the documentary evidence that Father provided based on the monthly invoice of $6,600, the trial court was free to conclude that would equate to annual earnings of $79,200 from his self-employment consulting work. The trial court as the factfinder, was free to resolve the inconsistency in this evidence or to determine Father's testimony on this issue was not credible. *See Iliff*, 339 S.W.3d at 83.

The evidence also revealed that Father's $360,000 severance minus the itemized amounts he testified to spending would have left him with $10,000.00 in severance proceeds. *See* Tex. Fam. Code Ann. § 154.062(b)(5) (including severance pay as resources). Additionally, Father testified that he had $20,000 in stock that was

10

vesting. *See id.* § 154.062(b)(2) (including interest and dividends as resources). Although Father testified that he had $11,000 per month in living expenses, Father provided little documentary evidence regarding his financial earnings other than one monthly invoice from his consulting business and his 2020 W-2. *See Goodson v. Castellanos*, 214 S.W.3d 741, 758 (Tex. App.—Austin 2007, pet. denied) (noting little evidence produced by appellant apart from her testimony and tax return in contrast to evidence introduced of appellant's sizeable financial assets and determining trial court's decision was not arbitrary or unreasonable).

Father testified that in 2020, the year he was terminated, his monthly net income was $21,000 a month, and his W-2 for that year showed gross income over $511,000. Father testified that he owed an additional $52,000 in taxes out of his severance pay and the children's health insurance cost $351 per month, which would be deducted from net resources. *See* Tex. Fam. Code Ann. § 154.062(d) (outlining deductions in determining net resources, including taxes and health insurance expenses). However, Father explained that he spent a portion of his severance to pay extra on his wife's car, made an additional lump sum payment on his mortgage, and invested in his wife's separate property business, which the trial court did not have to deduct from his resources. *See id.* Father further testified he did so despite knowing he had support obligations. The trial court could have determined that none,

11

part, or all of Father's testimony regarding his expenses lacked credibility. *See Iliff*, 339 S.W.3d at 83; *see also* Tex. Fam. Code Ann. § 154.062(b)(5), (d).

The trial court determined Father had to pay child support of $2,760 per month for his three children, which stepped down to $2,300 for two children, and $1,840 for one child. This was consistent with the thirty percent statutory guidelines for three children, the twenty-five percent for two children, and twenty percent for one child based on the Family Code's maximum net resources amount of $9,200. *See* Tex. Fam. Code Ann. §§ 154.061, 154.125(b); Office of the Attorney General 2021 Tax Charts, https://csapps.oag.texas.gov/system/files/2020-12/2021_tax_chart.pdf. The testimony and documentary evidence at trial supported a conclusion that when looking at all of Father's sources of income, he had $9,200 in net resources available to him each month from which to pay child support. *See id.* § 154.062(b); *In re G.J.S.*, 940 S.W.2d at 293–94.

The trial court modified the original child support order to reduce Father's monthly child support obligation and incorporated a "step down" provision consistent with the guidelines. Since there was some evidence of a substantive and probative character of net resources from which the trial court could have calculated child support at the maximum amount under the guidelines, we conclude the trial court did not abuse its discretion. *See Trumbull*, 397 S.W.3d at 319–20; *see also Farish*, 921 S.W.2d at 541. We overrule Father's sole issue.

## Conclusion

Having overruled Father's sole issue, we affirm the trial court's Order in a Suit to Modify Parent-Child Relationship.

AFFIRMED.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on February 23, 2023
Opinion Delivered March 16, 2023

Before Golemon, C.J., Horton and Wright, JJ.

13