**In the Interest of J.D.M., M.A.M. and M.M.M., Children.**

No. 10–06–00114–CV.

Court of Appeals of Texas, Waco.

Feb. 28, 2007.

Scott E. Kurth, Atty. & Mediator, DeSoto, for appellant.

John D. Nation, Nation & Nation, Dallas, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

Randi Rachelle Haight appeals the trial court's child-support determination in this suit to modify the parent-child relationship. We will affirm.

### Background

The original divorce decree appointed Haight as sole managing conservator and Appellee John Matthews as possessory conservator of their three children and ordered Matthews to pay child support. In November 2003, the 211th District Court of Denton County entered its Order on Motion to Modify which appointed the parties as joint managing conservators and gave Matthews the right to determine the primary residence of the children. The court also ordered that Haight was not required to pay child support for the children. The order further allowed Matthews a child support credit of $619 per month in the event *any* of the children resided with Haight in the future. The order stated:

The Parties have agreed and IT IS OR-DERED that, due to the respective incomes of the Parties, no child support is required to be paid by [Haight]. However, [Matthews] shall accrue a credit toward any future child support obligation (should any of the children subsequently reside with [Haight]), in the amount of $619.00 per month in exchange for [Matthews's] noncollection of the child support under this Order.

In November 2004, Haight filed her Petition to Modify Parent Child Relationship in which she requested the exclusive right to designate the primary residence of M.M.M. and child support for M.M.M. The case was transferred to the 378th District Court of Ellis County. Although M.M.M. was over twelve years of age and expressed her desire to live with Haight, Matthews challenged the modification of conservatorship. The trial court entered temporary orders which appointed Haight as temporary joint managing conservator with the right to establish the primary residence of M.M.M. but did not order any child support.[1]

The trial court held a final hearing and ordered that the parties would remain joint managing conservators of M.M.M. and that Haight would maintain the right to designate the primary residence of the child. Further, the court found that the parties had agreed to the terms of the November 2003 Order on Motion to Modify concerning child support.

In its Order in Suit to Modify Parent–Child Relationship, the trial court stated:

The Court finds that it would be manifestly unjust to allow parties to make these agreements and then later renounce them except in the most unusual of cases. The Court took the fact that Randi Rachelle Haight had not been required to pay child support into consideration in not setting temporary child support at the entry of the January 20, 2005 temporary orders in connection with the motion to modify brought by Randi Rachelle Haight. Therefore, John Matthews has a child support credit that shall be exhausted on September 1, 2007 . . . .

In six issues, Haight challenges the trial court's decision that Matthews can exhaust the child-support credit of $11,761 before paying child support for M.M.M.

## Standard of Review

We review child support orders under an abuse-of-discretion standard. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990) (per curiam); *In re J.C.K*, 143 S.W.3d 131, 134 (Tex.App.-Waco 2004, no pet.). We do not conduct an independent review of findings of fact in a child support case under traditional legal and factual sufficiency standards. *J.C.K*, 143 S.W.3d at 135; *London v. London*, 94 S.W.3d 139, 143–44 (Tex.App.-Houston [14th Dist.] 2002, no pet.). Rather, legal and factual sufficiency are factors which can be considered in determining whether an abuse of discretion has occurred. *J.C.K.*, 143 S.W.3d at 135; *London*, 94 S.W.3d at 143–44.

A trial court abuses its discretion when it acts "without reference to any guiding rules and principles" or in an arbitrary and unreasonable manner. *City of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750, 757 (Tex.2003) (quoting *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985)). A trial court has no discretion in deciding

---

1. The temporary orders did not modify the possession of M.A.M., who resided primarily with Matthews. At the time Haight filed her Motion to Modify, J.D.M. was over eighteen years of age and had graduated from high school.

what law applies or in applying that law to the facts of the case. *In re Kuntz,* 124 S.W.3d 179, 181 (Tex.2003) (orig. proceeding); *accord Atty. Gen. of Tex. v. Stevens,* 84 S.W.3d 720, 722 (Tex.App.-Houston [1st Dist.] 2002, no pet.) (failure to analyze or apply law correctly constitutes abuse of discretion); *In re D.S.,* 76 S.W.3d 512, 516 (Tex.App.-Houston [14th Dist.] 2002, no pet.) (same).

### Additional Findings

In her third and fourth issues, Haight argues that the trial court erred in failing to make findings concerning the best interest of the child. She relies on Texas Family Code section 154.130, which requires the court to make the following findings, without regard to Texas Rules of Civil Procedure 296 through 299, in rendering an order of child support:

"(1) the monthly net resources of the obligor per month are $_____;

"(2) the monthly net resources of the obligee per month are $_____;

"(3) the percentage applied to the obligor's net resources for child support by the actual order rendered by the court is _____%;

"(4) the amount of child support if the percentage guidelines are applied to the first $6,000 of the obligor's net resources is $_____;

"(5) if applicable, the specific reasons that the amount of child support per month ordered by the court varies from the amount stated in Subdivision (4) are: _____; and

"(6) if applicable, the obligor is obligated to support children in more than one household, and:

"(A) the number of children before the court is _____;

"(B) the number of children not before the court residing in the same household with the obligor is _____; and

"(C) the number of children not before the court for whom the obligor is obligated by a court order to pay support, without regard to whether the obligor is delinquent in child support payments, and who are not counted under Paragraph (A) or (B) is _____."

TEX. FAM.CODE ANN. § 154.130(a) and (b) (Vernon 2002).

 Under this section, the trial court is not required to make a finding on the best interest of the children. *See id.* Further, Section 154.130 is triggered only when the trial court sets child support. *In the Interest of S.B.C.,* 952 S.W.2d 15, 19 (Tex.App.-San Antonio 1997, no pet.) (citing *Terry v. Terry,* 920 S.W.2d 423, 425–26 (Tex.App.-Houston [1st Dist.] 1996, no writ)). In the present case, because the trial court did not set or modify the amount of child support, the requested findings were not mandatory, and the trial court did not err by failing to file them. *Id.* Accordingly, Haight's third and fourth issues are overruled.

### Modification of Child Support

In the remaining issues, Haight argues that the trial court abused its discretion by ignoring its primary duty to serve the best interest of M.M.M. and that the evidence was legally and factually insufficient.

 Matthews argues that the parties entered into an agreement as to child support which cannot be modified by the court in the absence of fraud, accident, or mistake. However, Haight's Petition to Modify Parent–Child Relationship specifically stated that she sought to modify the Order on Motion to Modify entered on November 4, 2003. Because Haight sought to modify Matthews's child support obligation only

as provided for by the trial court and not as provided by a separate agreement, she is not barred from seeking modification. *Leonard v. Lane*, 821 S.W.2d 275, 277 (Tex.App.-Houston [1st Dist.] 1991, writ denied).

Section 156.401 of the Texas Family Code allows a court to modify an order that provides for the support of a child if "the circumstances of the child or a person affected by the order have materially and substantially changed since the ... date of the order's rendition." TEX. FAM.CODE ANN. § 156.401(a)(1)(A) (Vernon Supp. 2006). The trial court "may consider the child support guidelines ... to determine whether there has been a material or substantial change of circumstances ... that warrants a modification of an existing child support order if the modification is in the best interest of the child." TEX. FAM.CODE ANN. § 156.402(a) (Vernon 2002). A court may also consider other relevant evidence in addition to the factors listed in the guidelines. *Id.* § 156.402(b).

■ However, in making this determination, the trial court must examine and compare the circumstances of the parents and any minor children at the time of the initial order, with the circumstances existing at the time modification is sought. *In re S.C.S.*, 201 S.W.3d 882, 888 (Tex.App.-Eastland 2006, no pet.). As the movant, it was Haight's burden to show the requisite material and substantial change in circumstances since the entry of the 2003 Order on Motion to Modify. *D.S.*, 76 S.W.3d at 520.

■ Although Haight testified that she "desperately" needs child support and that M.M.M. is not able to maintain the lifestyle she had when living with her father, this evidence alone is not sufficient to mandate a modification of the child support order. Haight did not present any specific evidence of her financial circumstances at the time the 2003 child support order was entered. Because the parties and the court agreed that the November 2003 order was in the best interest of the children and absent a showing of changed circumstances, Haight has failed to show that the trial court abused its discretion in refusing to modify the child support order. Accordingly, we overrule Haight's first, second, fifth, and sixth issues.

## Conclusion

Having overruled Haight's six issues, we affirm the order of the trial court.