Opinion issued November 10, 2010.


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00488-CV

———————————

Theodore Robert Allen, Jr., Appellant

V.

Elizabeth Beistel, Appellee



 



 

On Appeal from the 246th District
Court

Harris County, Texas



Trial Court Case No. 1988-01028

 



MEMORANDUM OPINION

This appeal
follows our reversal and remand of an order terminating withholding of wages
for child support arrearages owed by Theodore Robert Allen, Jr.  Allen renewed his motion for termination on
remand, and the trial court denied the motion. 
Allen contends that the trial court erred in (1) allowing the Assistant Attorney
General (AAG) to act as witness in testifying to the amount of child support
arrearage; (2) granting an arrearage judgment that included accrued interest, attorney’s
fees, and costs as part of the arrearage; and (3) failing to respond to his
request for findings of fact and conclusions of law.  Finding no error, we affirm. 

Background

In 1986, while living in Ohio, Theodore
Allen and Elizabeth Beistel divorced. 
The divorce judgment ordered Allen to pay child support for their two
children.  Beistel v. Allen, Nos. 01-06-00246-CV & 01-06-00276-CV, 2007 WL
1559840, at *1 (Tex. App.—Houston [1st
Dist.] May 31, 2007, no pet.) (mem. op.).  

It is undisputed that Allen has been in arrears on his child support
obligation since it began.  After Allen
moved to Texas, Beistel obtained Texas judgments against Allen for payment of
child support in 1988, 1994, and 2000.  Id.  The Texas Attorney General issued
an administrative writ of withholding to enforce the 2000 judgment.  Id. 

In 2005, Allen petitioned the trial court to terminate the
wage-withholding orders, contending that he had paid more than the amount due
under the judgments.  Id. 
The trial court granted the petition, and Beistel appealed.  We held that Allen presented legally and
factually insufficient evidence to support the finding that he had overpaid
child support.  Id. at *5.  We observed that Allen’s
calculations did not account for the statutorily required interest rate that
applied to the arrearages and ignored the fact that in 2000, when his children
reached the age of majority and his continuing support obligation terminated, the
entire child support arrearage was consolidated into a single judgment.  Id.
 As
a result, we reversed the trial court’s orders terminating the writs of
withholding and remanded for further proceedings.  Id.
at *6.

In a hearing to address the issues
on remand, the Attorney General’s office presented evidence that, as of the
date of the hearing, Allen owed $29,493.00 in arrearages and accrued interest.  Allen proffered a certified public accountant
as an expert witness, who estimated that Allen had overpaid the amount due by $16,669.42.
 According to the CPA, he used a 1999
Ohio court order showing a total arrearage of $30,497.80 as the start date for
his calculations and Allen’s bank statements showing the deduction of child
support proceeds from his checking accounts, then applied a twelve percent
interest rate, compounded monthly and accrued to the outstanding balance.  

On cross-examination, the CPA conceded
that he was not familiar with either the Texas Family Code provisions addressing
the calculation of interest on child support arrearage or the method for
calculating interest on a confirmed child support arrearage judgment prescribed
by Texas law.  The trial court initially
admitted the CPA’s report with the caveat that the report “was not based upon
the principles of the Texas Family Code.”  Later, however, the trial court excluded the
CPA’s testimony and report.[1]  

The trial court signed a cumulative
child support arrearage judgment against Allen in the total amount of
$40,213.00.  This judgment includes
$29,493.00 child support arrears, attorney’s fees, post-judgment interest, and costs.  The judgment further requires that Allen pay
at least $300.00 monthly toward satisfaction of the judgment. 

On the same day the trial court signed
the judgment, Allen made a written request for findings of fact and conclusions
of law.  The trial court did not respond
to the request, and Allen timely appealed.

Discussion

I.       Assistant Attorney General
as Witness

Allen first contends that the trial court erred denying his
request to disqualify the AAG and allowing the AAG to testify about the Attorney
General’s office’s documents showing the calculation and amount of Allen’s
arrearages.  Allen relies on Texas Rule
of Professional Conduct 3.08, which states that “[a] lawyer shall not accept or
continue employment as an advocate before a tribunal in a contemplated or
pending adjudicatory proceeding if the lawyer knows or believes that the lawyer
is or may be a witness necessary to establish an essential fact on behalf of
the lawyer’s client.”  Tex. Disc. R. Prof. Cond. 3.08(a).  Disqualification of an attorney under Rule 3.08(a),
however, is appropriate only if the lawyer’s testimony is “necessary to
establish an essential fact.”  In re Sanders, 153 S.W.3d 54, 57 (Tex.
2004).  The litigant requesting the
disqualification bears the burden to prove that he suffered actual prejudice
due to the attorney’s dual role as witness and lawyer.  Id.  

The AAG testified that the government pay records generated
by the Attorney General’s office, admitted as a self-authenticating document,
dated back to the 2001 administrative writ of withholding, included the amount
of interest that had accrued on Allen’s arrearage, and reflected that Allen
owed $29,493.00.  Allen neither showed
that this testimony was necessary to establish an essential fact nor that he
suffered any actual prejudice from it.  In
the absence of those showings, we hold that the trial court did not err in
allowing AAG to testify.

II.      Propriety of Child Support Arrearage
Judgment

Allen next contends that the trial
court erred in adding accrued interest, attorney’s fees, and costs to the
cumulative arrearage judgment.  We review a trial court’s confirmation
of the amount of arrearages owed for an abuse of discretion.  Worford
v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990); Att’y Gen. of Texas v. Stevens, 84 S.W.3d, 720, 722 (Tex. App.—Houston
[1st Dist.] 2002, no pet.).  Nevertheless,
a trial court has no discretion in determining what the law is or applying the
law to the facts.  In re Prudential Ins. Co., 148 S.W.3d 124, 135 (Tex. 2000) (citing Huie v. DeShazo, 922 S.W.2d 920, 927–28
(Tex. 1996), and Walker v. Packer,
827 S.W.2d 833, 840 (Tex. 1992); see In
re Tex. Dep’t of Family & Protective Servs., 273 S.W.3d 637, 642–43
(Tex. 2009).  We thus review de novo the
trial court’s interpretation and application of law.  Prudential,
148 S.W.3d at 135.

          A.      Accrued
interest

The Texas Family Code provides that interest accrues on
unpaid child support.[2]
 See
Tex. Fam. Code Ann. § 157.265 (Vernon 2008).  According to the statute, that interest becomes
part of the child support obligation.  Id. § 157.267 (“Accrued interest is part of
the child support obligation and may be enforced by any means provided for the
collection of child support.”).  When a
trial court confirms an arrearage, it must render one cumulative money judgment
which includes the accrued interest on the arrearage.  Id. § 157.263.  It has no authority to “forgive,” reduce, or modify
child-support arrearages.  See Tex.
Fam. Code Ann. § 157.262(a) (Vernon Supp. 2010).  In determining the amount of accrued interest, the trial court
acts as “a mere scrivener” and has no discretion to deviate from the Family Code’s
dictates.  In re M.C.R., 55 S.W.3d 104, 109 (Tex. App.—San
Antonio 2001, no pet.) (citing Lewis v.
Lewis, 853 S.W.2d 850, 854 (Tex. App.—Houston [14th Dist.] 1993, no writ)).


Here,
the court found that the principal plus accrued interest on the 2000 judgment,
less Allen’s payments in the interim, amounted to $29,493.00 in child support
arrears.  This calculation comports with
the evidence and the statute.  We hold
that the court upheld its statutory obligation as “mere scrivener” in including
accrued post-judgment interest on the cumulative arrearage judgment.

B.      Attorney’s
fees and costs

Allen contends that the trial court erred when it awarded attorney’s fees and costs as part of
the cumulative child support arrearage judgment.  According to Allen, the trial court’s decision wrongly
taxes the attorney’s fees and costs as child support.  

The Texas Family Code provides that, “[a] judgment for
attorney’s fees and expenses [in a suit affecting the parent-child
relationship] may be enforced in the attorney’s name by any means available for
the enforcement of a judgment for debt.”  Tex. Fam.
Code Ann. § 106.002(b) (Vernon 2008).  In Chapter 157 of the Family Code, though, the
Legislature enhanced the trial court’s power to assist in recovery of
attorney’s fees and costs in child support enforcement proceedings.  Section 157.167 permits a court to enforce the payment of fees
and costs awarded in a child support enforcement proceeding by any means
available for the enforcement of child support, including contempt.  Id.
§ 157.167(a) (Vernon 2008); In re Moers, 104 S.W.3d 609, 611 (Tex. App.—Houston [1st Dist.] 2003, no pet.).  Attorney’s fees may be combined with past due child
support in a cumulative child support enforcement judgment because the law
treats them, for enforcement purposes, the same way it treats the child support
arrearage.  See Moers, 104 S.W.3d at 611; Tamez v. Tamez, 822 S.W.2d
688, 691 (Tex. App.—Corpus Christi 1991, writ denied).  

Allen misplaces his reliance on section 106.002.  The underlying proceeding is clearly one for enforcement.  Allen challenged the Attorney General’s
calculation of the amount he owed under the 2001 child support arrearage
judgment, claiming that he had overpaid the amount due under the judgment.  Allen’s motion to terminate wage withholding,
in which he contended that he had overpaid the judgment based on a conflicting
interpretation, effectively sought to clarify the terms of the judgment.  

Section 157.162 gives the trial court the discretion to award
the petitioner costs of court and reasonable attorney’s fees in an enforcement
proceeding if the court finds that the respondent is not current in the payment
of child support on the date the motion for enforcement was filed.  See
Tex. Fam. Code § 157.162(e)
(Vernon Supp. 2010).  Allen’s
characterization of his most recent motion as one to terminate wage withholding
does not alter the fact that he was not current in his child support payments
when the motion that culminated in the 2001 judgment was filed.[3]
 We hold that the trial court did not
abuse its discretion in including attorney’s fees and costs in the cumulative
child support arrearage judgment against Allen.

III.    Findings of Fact and Conclusions of Law

Finally, Allen contends that the
trial court erred by failing to respond to his request for findings of fact and
conclusions of law.  Allen
filed his trial court request for findings and conclusions under the Texas Rules
of Civil Procedure, not the Family Code.[4]  See
Tex. R. Civ. P. 296.  Those rules require the requesting party to file
a notice of past due findings of fact and conclusions of law within thirty days
of the original request if the trial court fails to timely respond or waive the
right to complain about their absence on appeal.  Tex.
R. Civ. P. 297; Curtis v. Comm’n
for Lawyer Discipline, 20 S.W.3d 227, 234–35 (Tex. App.—Houston [14th
Dist.] 2000, no pet.) (citing Las Vegas
Pecan & Cattle Co., Inc. v. Zavala County, 682 S.W.2d 254, 255–56 (Tex.
1984)).  Allen never filed a notice of
past due findings and conclusions in the trial court.  We thus hold that Allen waived this
complaint.

Motions for Sanctions

Beistel has moved for sanctions
against Allen, and Allen has moved for sanctions against Beistel and the
Attorney General’s Office.  If we
determine that an appeal is frivolous, we may award each prevailing party just
damages.  Tex. R. App. P. 45; Mailhot
v. Mailhot, 124 S.W.3d 775, 778 (Tex. App.—Houston [1st
Dist.] 2003, no pet.).  In making this determination, we review the
record from the viewpoint of the advocate, and then only impose sanctions if no
reasonable grounds exist to believe that the judgment could be reversed. Id.; Bradt
v. West, 892 S.W.2d 56, 78 (Tex. App.—Houston [1st Dist.]
1994, writ denied); Smith v. Brown,
51 S.W.3d 376, 381 (Tex. App.—Houston [1st Dist.] 2001, pet. denied).  To warrant damages, the circumstances should
be truly “egregious.”  City of Houston v. Precast Structures, Inc.,
60 S.W.3d 331, 340 (Tex. App.—Houston [14th Dist.] 2001, pet. denied).

We
deny Allen’s motion for sanctions.  We
also deny Beistel’s request to impose sanctions on Allen, but caution him that pursuit
of another appeal of these arrearage issues before this court may warrant their
consideration.  

Conclusion

          We
affirm the judgment of the trial court.

 

 

                                                                   Jane
Bland

 

Panel consists of Justices Keyes, Higley, and Bland.











[1]
              Allen
references the CPA’s testimony, which he characterizes in his brief as
“uncontroverted” evidence, throughout his brief, but he does not identify any
evidentiary sufficiency issue or complain about the exclusion of the evidence,
nor does he point to any legal authority to support his assertions.  We hold that Allen waived these issues.  See Tex.
R. App. P. 33.1, 38.1.





[2]               In our prior opinion, we noted that Ohio law governed
the computation and payment of arrearages and accrual of interest on the
arrearages under the Ohio-issued support order. 
Beistel, 2007 WL 1559840, at
*5 (citing Tex. Fam. Code Ann.
§ 159.604(a)).  When, as here, the
trial court later issues an order consolidating arrearages, Texas law applies
prospectively to calculate interest on the arrearages.  Tex.
Fam. Code Ann. § 159.604(d) (Vernon 2008).





[3]           Allen
has not challenged the evidentiary merits of the judgment he appeals, which
also finds that he still has not satisfied his child support obligations.

 





[4]
              Section
154.130 of the Family Code requires the trial court, on request, to make
findings after issuing an order requiring payment of child support.  See
Tex. Fam. Code Ann. §§ 154.130
(Vernon Supp. 2010).  A judgment
confirming arrearage does not trigger the statutory requirement.  See
Terry v. Terry, 920 S.W.2d 423, 425–26 (Tex. App.—Houston [1st Dist.] 1996,
no writ); accord In re J.D.M., 221
S.W.3d 740, 743 (Tex. App—Waco 2007, no pet.). 
In his opening brief, Allen contended that this section applied to his
request for findings of fact and conclusions of law, but in his reply, he
states that his request was made solely under the Rules of Civil Procedure and
not the Family Code.